INSTITUTIONALIZED JUVENILES
et al.

v.

SECRETARY OF PUBLIC WELFARE
et al.

Civ. A. No. 72–2272.

United States District Court,
E. D. Pennsylvania.

July 31, 1980.

David Ferleger, Philadelphia, Pa., for plaintiffs.

Robert B. Hoffman, Deputy Atty. Gen., Harrisburg, Pa., for defendants.

Before GIBBONS, Circuit Judge, and HUYETT and RAYMOND J. BRODERICK, District Judges.

## MEMORANDUM AND ORDER

HUYETT, District Judge.

The history of this action is outlined in *Secretary of Public Welfare v. Institutionalized Juveniles*, 442 U.S. 640, 641–46, 99 S.Ct. 2523, 2524, 61 L.Ed.2d 142 (1979), in which the Supreme Court reversed our decision [1] that the statutes challenged by plaintiffs were unconstitutional. The Supreme Court concluded that our judgment that "Pennsylvania's statutes and regulations [for voluntary commitment of mentally ill and mentally retarded juveniles] are unconstitutional is reversed, and the case is remanded for further proceedings consistent with this opinion." *Id.* at 650, 99 S.Ct. at 2528. In its opinion the Court noted that postadmission procedures were not challenged in plaintiffs' complaint, and that "individual members of [plaintiffs'] class are free to argue on remand that their particular commitments violated" the due process standards approved by the Court. *Id.* at 650 n. 9, 99 S.Ct. at 2528 n. 9.

Following remand, defendants have expressed the opinion that judgment should be entered in their favor forthwith. Plaintiffs, on the other hand, have moved for the appointment of a special master to investigate the validity of the individual commitments. Although no motion has been presented, plaintiffs have indicated their desire to amend their complaint to allege, *inter alia*, the unconstitutionality of postadmission procedures. We must now consider the posture of this action, which has been pending in the federal courts for approximately eight years, following its second and most recent remand from the Supreme Court.

■ We note, first of all, that we permitted this action to be maintained as a Rule 23(b)(2) class action with two classes represented by the named plaintiffs. *Institutionalized Juveniles v. Secretary of Public Welfare*, 459 F.Supp. 30 (E.D.Pa.1978), *rev'd on other grounds*, 442 U.S. 640, 99 S.Ct. 2523, 61 L.Ed.2d 142 (1979). The requirement of Fed.R.Civ.P. 23(a)(2) that there be "questions of law or fact common to the class" was satisfied, we held, by plaintiff's attack upon the facial validity of the Pennsylvania statutes and regulations. *Id.* at 41–42. That common question of law has now, of course, been resolved by the Supreme Court. We are therefore required to consider whether this action may continue to be maintained as a class action. *See Scott v. University of Delaware*, 601 F.2d 76, 85 n. 18 (3d Cir.), *cert. denied*, 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 189 (1979). We are required to consider this question even in the absence of a formal motion. *Id.*

For a variety of reasons, we believe that in its current posture, this action may no longer be maintained as a class action.[2] First of all, the constitutionality of the relevant Pennsylvania statutes and regulations, which was the common question of law enabling this action to be maintained on a class basis, has now been adjudicated with finality. Plaintiffs have not moved to amend their complaint to introduce other potential common questions of law; moreover, it is by no means clear that such amendment would be proper in this action. Questions concerning the process that was accorded individual plaintiffs in their commitments are likely to involve myriad individualized factual determinations. The

---

1. Judge Broderick dissented from our decision.

2. We do not at this time reach the question of the propriety of continuing to maintain the defendant class.

benefits of the class action mechanism would not appear to be applicable in this situation.

■ Nine of the named plaintiffs have now been discharged from residential care. One of the named plaintiffs was discharged from Polk Center to a community living arrangement. She is now 19 years of age and is no longer subject to admission by her parent or guardian under the statutes challenged in this action. Only two named plaintiffs still receive residential care. One of those plaintiffs is now 19 years of age and is no longer subject to admission by her parent or guardian under the statutes challenged in this action. Stipulation of the parties filed April 10, 1980. Inasmuch as plaintiffs in this action sought only declaratory and injunctive relief, it is questionable if the named plaintiffs can continue to represent the classes adequately.

Therefore, although judgment on the constitutional issues that have been adjudicated shall be entered against the plaintiff classes, the plaintiff classes shall be terminated for purposes of further proceedings in this action. We find that the requisites of Rule 23 are not satisfied.

■ As stated above, plaintiffs have moved for the appointment of a special master pursuant to Fed.R.Civ.P. 53(b). That Rule commences with the admonition that "[a] reference to a master shall be the exception and not the rule." In this action we do not perceive the existence of special circumstances that would require the appointment of a master. As discussed above, only one named plaintiff within the age limitations of the former classes remains in residential care. Furthermore, we are convinced that counsel, by means of stipulation, or plaintiffs' counsel, by means of discovery permitted by the Federal Rules, will be able to develop adequately the facts necessary for determination of the remaining, narrow issues. The appointment of a master would, at this stage of the proceedings, complicate and prolong determination of the remaining issues, the adjudication of which, we believe, can be efficiently accomplished in a traditional manner. Unneces-

sary prolongation of this matter would unduly burden defendants, who have vigorously litigated this action for eight years and whose position on the issues that were the focus of this case was thoroughly vindicated by the Supreme Court. Litigation, in fairness to the parties, must, at some point, come to a conclusion. Therefore, because we perceive no need at this stage of the proceedings for the appointment of a special master, plaintiffs' motion will be denied.

■ We turn finally to the question whether it is necessary to continue a three judge court in this action. This three judge court was convened pursuant to 28 U.S.C. § 2281 (1970) in 1975. Although that section was repealed in 1976, the repeal was inapplicable to previously commenced actions. Nonetheless, when the claim requiring the designation of the three judge court is resolved, the three judge court "may dissolve itself and remand to the single judge the other claims." 17 Wright, Miller & Cooper, *Federal Practice & Procedure* § 4235, at 405 (1978) (footnote omitted). As our previous discussion makes clear, the decision of the United States Supreme Court has resolved plaintiffs' constitutional challenge to the Pennsylvania statutes at issue. The *raison d'etre* of the three judge court therefore no longer obtains. The three judge court shall therefore be dissolved, and this action shall be remanded to Judge Huyett for the remaining proceedings discussed above.

### ORDER

NOW, July 31, 1980, for the reasons stated in the accompanying memorandum, IT IS ORDERED that in regard to plaintiffs' claim that Sections 402(a)(2), 402(c) and 403(a)(2) of the Pennsylvania Mental Health and Mental Retardation Act of 1966 and Sections 201, 206(b), and, to the extent that it applies to juveniles under the age of 14, Section 205 of the Mental Health Procedures Act of 1976 are unconstitutional, judgment is entered in favor of defendants and against plaintiffs.

IT IS FURTHER ORDERED that:

1. The two plaintiff classes are hereby TERMINATED;

2. Plaintiffs' motion for the appointment of a special master is DENIED;

3. The three judge court convened pursuant to 28 U.S.C. § 2281 (1970) is DISSOLVED and this action is REMANDED to Judge Huyett;

4. Judge Huyett retains jurisdiction over this action for further proceedings consistent with the opinion of the Supreme Court, 442 U.S. 640, 99 S.Ct. 2523, 61 L.Ed.2d 142, and with the accompanying memorandum.