George H. THOMASON, Appellant,

v.

Richard SCHWEIKER, in his official capacity as Secretary of the Department of Health and Human Services of the Government of the United States of America, and William Driver, in his official capacity as commissioner of the Social Security Administration, an Agency of the Government of the United States of America, Appellees.

No. 81–2043.

United States Court of Appeals, Fourth Circuit.

Argued May 6, 1982.

Decided Nov. 2, 1982.

John B. Duggan, Greer, S.C. (M. Thomas Webber, Jr., Edwards, Duggan & Reese, P.A., Greer, S.C. on brief), for appellant.

Gabriel L. Imperato, Baltimore, Md., (Henry Dargan McMaster, U.S. Atty., Cameron M. Currie, Asst. U.S. Atty., Columbia, S.C., on brief), for appellee.

Before PHILLIPS and ERVIN, Circuit Judges, and DOUMAR,* District Judge.

ERVIN, Circuit Judge:

The plaintiff, George H. Thomason, challenges the fee awarded him by an Administrative Law Judge (ALJ) for the representation of a Social Security claimant. The plaintiff seeks injunctive and declaratory relief to compel the Secretary of the Department of Health and Human Services (Secretary) to afford him a hearing for review of the attorney fee determination. The district court dismissed the complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1). We affirm.

## I.

The plaintiff is a licensed attorney in South Carolina, who successfully represented a claimant in obtaining Social Security disability benefits. See 42 U.S.C. § 301, et seq. The claimant had signed a contract agreeing to pay the plaintiff for costs incurred in preparing the case as well as a contingency of twenty-five percent (25%) of any back benefits awarded in return for legal services. After a final determination of disability and the amount of back benefits due the claimant, the plaintiff submitted a fee petition itemizing 35 hours of work he spent on the case and requesting twenty-five percent of back benefits, in the sum of $2,408.45. See 42 U.S.C. § 406(a) and 20 C.F.R. 404.975–.977 (1982).

The ALJ who heard the case awarded the plaintiff $1,900.00 as a "reasonable" attorney fee. The fee authorization letter included a form explaining the considerations involved in setting a fee.[1] The plaintiff

---

* The Honorable Robert G. Doumar, United States District Judge for the Eastern District of Virginia, sitting by designation.

1. On the back of the printed form used to inform the attorney of his fee award is the following information:

> In arriving at an approved fee in other than supplemental security income cases, consideration is given to providing a measure of economic security for the claimants and beneficiaries.
>
> In arriving at an approved fee in a supplemental security income case, consideration is given to the purpose of the supplemental security income program—to assure a minimum level of income for people who are age

sought administrative review by the Regional Chief Administrative Law Judge (*see* 20 C.F.R. 404.975(e)), and requested a hearing at which he could present evidence to justify a full 25% award. The Chief ALJ reviewed the fee petition and upheld the decision of the ALJ, without granting a hearing. The plaintiff responded to the final determination by the Chief ALJ by requesting that the decision be reconsidered and, again, asking for a hearing. The Chief ALJ answered that the Social Security regulations provide "for only one administrative review of a fee petition" and that his prior decision was the final action of the Secretary. The ALJ added, however, that in addition to the "reasons" given on the fee authorization form, see note 1, *supra,* "there were no complex legal, medical or vocational issues involved."

The plaintiff filed suit in district court challenging his fee award and the refusal of the Secretary to grant him a hearing on the reasonableness of his fee. The district court granted the government's motion to dismiss, holding that it lacked subject matter jurisdiction. The court reasoned that the case did not come within the jurisdictional requirements of § 205(g)–(h) of the Social Security Act, 42 U.S.C. § 405(g)–(h) (Supp.1982), and the due process requirements of the fifth amendment had not been violated.

## II.

■ Appellant first seeks judicial review of his fee award. This court is without subject matter jurisdiction to make such a review. The right to bring an action for disability benefits is circumscribed by § 205(g)–(h). Attorneys who represent claimants do not come within the language of § 205(g). *See Copaken v. Secretary of Health, Education and Welfare,* 590 F.2d 729 (8th Cir. 1979). Provisions for the legal representation of claimants is found in § 206 of the Act, 42 U.S.C. § 406 (1974). This section, and the related regulations of the Secretary, do not provide a right to a hearing on the reasonableness of attorney fee awards. By reading §§ 205 and 206 *in pari materia,* it is evident that the setting of fees is committed to the Secretary's discretion, and judicial review of the "reasonableness" of the fee is precluded. *See Robin-*

65 or over, or who are blind or disabled and who do not have sufficient income or resources to maintain a standard of living at the established minimum income level.

In addition to the above, the following factors are considered:

(1) The services performed (including type of service);

(2) The complexity of the case;

(3) The level of skill and competence required in rendition of the services;

(4) The amount of time spent on the case;

(5) The results achieved. (While consideration is always to be given to the amount of benefits, if any, which are payable in a case, the amount of fee will not be based on the amount of such benefits alone but on a consideration of all the factors listed in this section. The benefits payable in a given claim are governed by specific statutory provisions and by the occurrence of termination, deduction, or nonpayment events specified in the law, factors which are unrelated to efforts of the representative. In addition, the amount of accrued benefits payable in a given claim is affected by the length of time that has elapsed since the claimant became entitled to benefits.);

(6) The level of review to which the claim was carried within the Social Security Administration and the level of such review at which the representative entered the proceedings; and

(7) The amount of the fee requested for services rendered, excluding the amount of any expenses incurred, but including any amount previously authorized or requested. *REIMBURSEMENT FOR EXPENSES INCURRED*

Reimbursement for any expenses incurred is not subject to the approval of the Social Security Administration, but is a matter for settlement between the claimant and the representative.

*RIGHT TO REQUEST ADMINISTRATIVE REVIEW*

IF EITHER THE REPRESENTATIVE OR THE CLAIMANT IS DISSATISFIED WITH THE AMOUNT OF THE AUTHORIZED FEE, EITHER PARTY MAY REQUEST AN ADMINISTRATIVE REVIEW BY SENDING A LETTER WITHIN *30 DAYS* TO THE ADDRESS SHOWN ON THE FRONT OF THIS FORM. THE LETTER SHOULD INCLUDE THE REASONS FOR DISSATISFACTION. A COPY OF THE LETTER SHOULD BE SENT TO THE OTHER PARTY, AND THE LETTER SHOULD INCLUDE A STATEMENT TO THE EFFECT THAT THIS HAS BEEN DONE.

*son v. Gardner,* 374 F.2d 949 (4th Cir. 1967); *Chernock v. Gardner,* 360 F.2d 257 (3d Cir. 1966).

That the Secretary, through the decision of the ALJ, has the sole authority to set the fee, however, does not mean that he is free to set fees arbitrarily. As we mentioned in *Garcia v. Neagle,* 660 F.2d 983 (4th Cir. 1981), *cert. denied,* 454 U.S. 1153, 102 S.Ct. 1023, 71 L.Ed.2d 309 (1982), "even where action is committed to absolute agency discretion by law, courts have assumed the power to review allegations that an agency exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations." *Id.* at 988. The appellant does not colorably claim that the fee award itself was improper on constitutional,[2] statutory, or regulatory grounds. His challenge to the reasonableness of the fee, therefore, must fail.

### III.

■ The appellant also urges that he was denied due process, because he was not afforded an evidentiary hearing by the Secretary. The due process clause creates a flexible standard that is dependent upon the situation to which it is being applied. *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484 (1972). The dictates of the due process clause depend upon the nature of the private interest, the adequacy of the existing procedure in protecting that interest, and the governmental interest in the efficient administration of the applicable law. *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

■ The appellant's fifth amendment argument is predicated upon the appellant's property interest in the contractual fee arrangement between the attorney and client. The contract is conditioned, however, on the statutory requirement that the fee be reasonable. Also implicit in the contract is the fact that the Secretary determines the reasonableness of the fee. The private interest of the attorney, therefore, is not in the twenty-five percent fee to which the claimant agreed, but to a reasonable fee set by the ALJ which is not to exceed twenty-five percent of back benefits.

■ The next consideration is the propriety of the current procedure, which does not provide the attorney a separate hearing on the reasonableness of his requested fee. The purpose of the procedure is to weigh the factors established by the Social Security Administration in setting a fee award. See note 1, *supra.* We note that the factors of the amount of fee requested, the level of review, and the results achieved normally are undisputed at the time the attorney files his fee petition. Of the other factors, the complexity of the case may be determined by the ALJ as a matter of law, and the amount of time spent on the case clearly is evidenced by the itemization of time spent included on the attorney's fee petition.[3] The remaining factors of the economic security of the claimant and dependents, the services performed, and the level of skill and competence required by the case are usually the only factors in dispute in setting a fee after the claimant has been granted benefits. We find that the ALJ who heard the case is in a superior position to decide these issues, and a further evidentiary hearing would serve no useful purpose.

---

**2.** Appellant alleges the Secretary acted unconstitutionally in denying him a hearing. We must decide whether that is a colorable constitutional claim that would invoke jurisdiction. *See Garcia v. Neagle,* 660 F.2d 983, 988 (4th Cir. 1981); *Copaken v. Secretary of Health, Education and Welfare,* 590 F.2d 729, 731 (8th Cir. 1979). In section III of this opinion, wherein we consider appellant's request for a hearing, we consider whether the Secretary's denial of a hearing violated due process. For purposes of this section, wherein we consider appellant's request for judicial review of the fee award, we conclude that the due process claim is not sufficiently colorable to invoke our review.

**3.** We note that the Secretary is not prevented from challenging, nor does the ALJ have to assume as true, the amount of time listed on the fee petition. *See Blankenship v. Schweiker,* 676 F.2d 116 (4th Cir. 1982).

In *Blankenship v. Schweiker,* 676 F.2d 116 (4th Cir. 1982), we denied the government's request that this court set a reasonable attorney fee, because the district court was more qualified to weigh the factors involved in that determination. For the same reasons that the district court is uniquely qualified to determine the reasonableness of fees once the claim reaches federal court, the ALJ is even more qualified to set a reasonable fee when the claimant wins at the administrative hearing level. The procedure for appeals of a Social Security disability determination allows one *de novo* evidentiary hearing; that is heard by the ALJ. Even when the claimant reaches federal district court, he relies basically upon the record established before the ALJ in addition to any supplemental information supplied to the Appeals Council. At the hearing before the ALJ, the efforts and abilities of the attorney may be observed on a firsthand basis. Additional evidence procured by the attorney and the lawyer's legal theory of the case readily should be apparent. The ALJ has the unique opportunity to observe personally the preparedness of the attorney in his factual and legal presentation. It is doubtful that an attorney could establish at an independent evidentiary hearing on the reasonableness of the fee award any better evidence of his skill and competence, as well as the quality and quantity of legal services performed, than he could in the actual presentation of his case to the ALJ. Mindful of the last consideration in the weighing of due process requirements, we note that the government has a substantial interest in avoiding unnecessary evidentiary hearings that would further backlog the already overcrowded dockets of the ALJs.

### IV.

We hold that the district court did not have jurisdiction to review the Secretary's determination of a reasonable fee award and that the appellant has not established a due process right to an evidentiary hearing on the reasonableness of the fee. *Accord Copaken v. Secretary,* 590 F.2d 729 (8th Cir. 1979). The dismissal of the complaint for lack of subject matter jurisdiction, accordingly, is affirmed.

AFFIRMED.