Michael J. PEPE, Jr.

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services.

Civ. A. No. 82–4853.

United States District Court, E.D. Pennsylvania.

June 13, 1983.

Michael J. Pepe, Jr., Philadelphia, Pa., pro se.

Edward S.G. Dennis, Jr., U.S. Atty., Stanley M. Weinberg, Asst. U.S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Plaintiff Michael J. Pepe, Jr. is an attorney who successfully represented a social security disability claimant before an administrative law judge, obtaining an award of approximately $20,000.00 in past due benefits for his client. Plaintiff's fee agreement with his client provided that he receive 25% of all past due benefits to which the client was entitled, as well as reimbursement for any costs and expenses advanced. Following the award in his client's favor, plaintiff petitioned the administrative law judge for an award of fees of $5,010.00, or one-quarter of the past due amount awarded the claimant, averring that he had spent 62¼ hours on the case, at an hourly rate of $85.00. The administrative law judge, after requesting a time and expense record from plaintiff, approved only 31 hours of the submitted time, at $85.00 per hour, and hence authorized plaintiff to charge his client the sum of $2,635.00. Plaintiff's application for review of this decision was considered by the regional chief administrative law judge, who found the fee authorized by the administrative law judge to be fair and reasonable.

Plaintiff thereupon filed this action, contending that this Court has the jurisdiction to review the attorney's fee determination

of the agency, and that the agency's decision, made without an evidentiary hearing, constituted a violation of plaintiff's due process rights. Defendant has filed a motion to dismiss, on the grounds that this Court's review of the amount of the fee award is precluded by 42 U.S.C. § 405(g) and the Supreme Court's decision in *Califano v. Sanders,* 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), and that plaintiff's contentions that he was denied an evidentiary hearing on his fee petition and was deprived of property unconstitutionally do not raise valid constitutional claims. Since both of defendant's contentions are well-founded, the motion to dismiss will be granted.

■ Judicial review of decisions of the Secretary concerning the grant or denial of disability benefits is granted by Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (Supp.1983). Section 205(h), 42 U.S.C. § 405(h), makes the review provisions of Section 205(g) the exclusive means of review of the Secretary's decisions. Section 205(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders,* 430 U.S. at 107, 97 S.Ct. at 986. The Third Circuit has applied *Sanders* to preclude review pursuant to § 205(g) of decisions which the Secretary could make without a hearing. *Penner v. Schweiker,* 701 F.2d 256, 260 (3d Cir.1983). No hearing was held on plaintiff's petition for attorney's fees, and none is required by the regulations. 20 C.F.R. § 404.1720 (1983). Hence, this Court lacks jurisdiction under § 205(g) to review the agency's determination as to the reasonableness of the fee. *Thomason v. Schweiker,* 692 F.2d 333 (4th Cir.1982); *Copaken v. Secretary,* 590 F.2d 729 (8th Cir.1979); *See Chernock v. Celebrezze,* 360 F.2d 257 (3d Cir.1966). In addition, Section 205(h) precludes review of the fee decision under the general grant of federal question jurisdiction, 28 U.S.C. § 1331, or under the Administrative Procedure Act. *Califano v. Sanders,* 430 U.S. at 106–07, 97 S.Ct. at 985.

■ Although *Califano v. Sanders* bars this Court's review of the agency's determination as to the reasonableness of the fee, it does not prevent resolution of colorable constitutional claims raised by the plaintiff. *Penner,* 701 F.2d at 260. In the present case, plaintiff contends that the agency's failure to approve a fee award in the amount requested, without an evidentiary hearing, constituted a denial of his right to procedural due process, and further contends that the agency's consideration of the economic security of the claimant, stated to be the purpose of the social security program, constituted an "unconstitutional appropriation from counsel." Neither of these contentions raises a valid constitutional claim.

Two Courts of Appeals which have considered the procedure used by the Secretary to determine attorney's fees have concluded, using the balancing test set forth in *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), that this procedure complies with the requirements of due process. *Thomason,* 692 F.2d at 336; *Copaken,* 590 F.2d at 732. This Court finds no reason to disagree with this conclusion. The regulations allow an attorney to submit a fee petition for review by the administrative law judge and do not prevent an attorney from including in this petition any information he feels should be brought to the attention of the administrative law judge in making the fee determination. The attorney is given notice of the decision, and of his right to seek review of the determination by an official who did not take part in the initial determination. The Court agrees with the Fourth and Eighth Circuits that these procedures adequately protect the interests of attorneys, while conserving agency resources which are best expended on protecting the interests of the claimants themselves.

This Court also joins with the Fourth and Eighth Circuits in rejecting plaintiff's claim that the Secretary's reduction of the fee set forth in his contract with his client constitutes an unconstitutional appropriation of plaintiff's property. As 42 U.S.C. § 406 sets forth, an attorney is entitled only to a reasonable fee as determined by the Secre-

tary. Any fee contract with a social security claimant is conditioned on this statutory requirement. This statutory provision, which ought to be known by those accepting disability cases, and which furthers a Congressional purpose in avoiding the undue depletion of a claimant's benefits, does not constitute an unconstitutional appropriation of plaintiff's property.

For all of the above reasons, defendant's motion to dismiss plaintiff's complaint will be granted. An appropriate order follows.