Timothy A. SILER, Attorney for
Wallace J. Sheats, Plaintiff,

v.

Margaret HECKLER, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. C83–1170A.

United States District Court,
N.D. Georgia,
Atlanta Division.

April 26, 1984.

---

Timothy A. Siler, Decatur, Ga., for plaintiff.

Nina L. Hunt, Asst. U.S. Atty., Atlanta, Ga., for defendant.

## ORDER

FORRESTER, District Judge.

This action is before the court on defendant's motion for summary judgment. Plaintiff is an attorney who successfully represented a claimant for Social Security benefits. Claimant and plaintiff had agreed that plaintiff would receive as legal fees twenty-five percent of whatever sum claimant recovered from the Social Security Administration. The claimant's claim was upheld and an award of past due benefits in excess of $20,000 was made. Plaintiff requested $4,761.10 as his attorney's fees. However, the Secretary after reviewing plaintiff's claim and examining the nature and extent of the work performed, concluded that the sum of $600 was a reasonable award of attorney's fees. Plaintiff protested the award and filed an application for a review by the Appeals Council. The Appeals Council, and then the Administrative Law Judge (ALJ) affirmed the decision of the Secretary. Plaintiff then filed his action in this court asking that the decision of the ALJ and the Appeals Council be reviewed, reversed and set aside. In an order dated November 29, 1983 this court held that it had no jurisdiction to review the amount of the award of fees by the Secretary. *Siler v. Heckler,* 578 F.Supp. 744 (N.D.Ga.1983). However, relying upon *Califano v. Sanders,* 430 U.S. 99, 108–09, 97 S.Ct. 980, 985–986, 51 L.Ed.2d 192 (1976), the court found that it did have jurisdiction to hear "colorable" constitutional claims. Although courts from other circuits had already ruled on constitutional claims similar to those made by plaintiff and found that they were not colorable, this court found no controlling authority in this circuit on the issue. In the absence of such controlling authority, the court declined to find that the constitutional claims plaintiff had raised were not colorable. Instead, the court found that it did have subject matter jurisdiction "to determine whether the allegations of plaintiff's complaint, taken as true, state a constitutional claim upon which relief can be granted." Because matters outside the pleadings were referred to, the motion to dismiss was converted to one for summary judgment. It is that motion which is presently before the court.

Plaintiff's basic contentions are that the Secretary's denial of the attorney's fees agreed upon between plaintiff and his client constitutes a denial of due process and an interference with contract. However, every court which has examined the arguments raised by plaintiff has rejected them. *E.g., Thomason v. Schweiker,* 692 F.2d 333 (4th Cir.1982); *Copaken v. Secretary of Health, Education & Welfare,* 590 F.2d 729 (8th Cir.1979); *Pepe v. Schweiker,* 565 F.Supp. 97 (E.D.Pa.1983); *Byrd v. Harris,* 509 F.Supp. 1222 (E.D.Tenn.1981). Congress has expressly given the Secretary authority to prescribe the maximum fees allowable to attorneys representing claimants for Social Security benefits. 42 U.S.C. § 406(a) provides, in pertinent part:

*The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this subchapter, and any agreement in violation of such rules and regulations shall be void.* Whenever the Secretary, in any claim before him for benefits under this subchapter, makes a determination favorable to the claimant, he shall, if the claimant was represented by an attorney in connection with such claim, fix (in accordance with regulations prescribed pursuant to the preceding sentence) a reasonable fee to compensate such attorney for the services performed by him in connection with such claim. If as a result of such determination, such claimant is entitled to past-due benefits under this subchapter, the Secretary shall, notwithstanding Section 405(i) of this Title, certify for payment (out of such past-due

benefits) to such attorney *an amount equal to whichever of the following is the smaller:* (a) Twenty-five percentum of the total amount of such past-due benefits, (b) *the amount of the attorney's fee so fixed,* or (c) the amount agreed upon between the claimant and such attorney as the fee for such attorney's services. ... (Emphasis added).

This statute requires the Secretary to pay the attorney who has represented a successful claimant the *smallest* of three possible amounts: (1) Twenty-five percent of the total benefit award, (2) the fee agreed upon between attorney and claimant, or (3) a reasonable fee fixed by the Secretary. The statute clearly represents a congressional intent that the attorney representing a successful claimant be reasonably compensated for his efforts. However, the statute also shows a congressional concern that the attorney not receive an unmerited windfall at the expense of the needy persons the act was intended to benefit. The Secretary is given broad discretion to determine what is a reasonable fee in any particular case. *See Copaken v. Secretary of Health, Education & Welfare,* 590 F.2d 729, 731 (8th Cir.1979).

This court agrees with the Eighth and Fourth Circuits that the statutory scheme provided by Congress does not deprive the attorney of any interest protected by the Constitution. "Congressional regulation of the amount of fees granted attorneys representing claimants for benefits created by an act of Congress does not deprive an attorney of property or liberty in violation of the fifth amendment." *Copaken v. Secretary of Health, Education & Welfare,* 590 F.2d 729 (8th Cir.1979) (citing *Hines v. Lowery,* 305 U.S. 85, 59 S.Ct. 31, 83 L.Ed. 56 (1938)). This is true notwithstanding the fact that the attorney and the client might have a contractual agreement for an amount higher than that fixed by the Secretary. As the Fourth Circuit observed in *Thomason v. Schweiker,* 692 F.2d 333 (4th Cir.1982):

The appellant's fifth amendment argument is predicated upon the appellant's property interest in the contractual fee arrangement between the attorney and client. The contract is conditioned, however, on the statutory requirement that the fee be reasonable. Also implicit in the contract is the fact that the Secretary determines the reasonableness of the fee. The private interest of the attorney, therefore, is not in the twenty-five percent fee to which the claimant agreed, but to a reasonable fee set by the ALJ which is not to exceed twenty-five percent of back benefits. *Id.* at 336.

Further, as the court observed in *Pepe v. Schweiker,* 565 F.Supp. 97 (E.D.Pa.1983):

As 42 U.S.C. § 406 sets forth, an attorney is entitled only to a reasonable fee as determined by the Secretary. Any fee contract with a Social Security claimant is conditioned on these statutory requirements. This statutory provision, which ought to be known by those accepting disability cases, and which furthers a congressional purpose in avoiding the undue depletion of a claimant's benefits, does not constitute an unconstitutional appropriation of plaintiff's property. *Id.* at 98–99.

The courts have also rejected plaintiff's due process challenges to the fee determination procedure and to the administrative appeals process. *See Thomason v. Schweiker,* 692 F.2d at 336; *Copaken v. Secretary of Health, Education & Welfare,* 590 F.2d at 732. The court agrees with those courts that the determination of a reasonable fee has been committed by Congress to the agency best situated to make the determination and that the statute provides for meaningful administrative review of the reasonableness of the fee without an evidentiary hearing.

Although none of the cases discussed above are directly controlling on this court, the court is persuaded by their logic and adopts their ultimate conclusions that plaintiff has not stated any constitutional claims upon which relief can be granted. The cases cited by plaintiff in his reply brief to the motion all pre-date the 1968 amendments to 42 U.S.C. § 406(a) which gave the

Secretary the power to award reasonable fees. *See* Pub.L. No. 90–248, 1967 U.S. Code Cong. & Admin.News (81 Stat. 821) 923, 993. Since the cases plaintiff relies on pre-date the statute which is at issue in this case, they are inapposite. Given the weight and persuasiveness of the authority rejecting plaintiff's constitutional claims and the absence of any cases supporting them, this court holds that plaintiff has failed to state a claim upon which relief can be granted and that defendant is entitled to judgment as a matter of law.

In sum, defendant's motion for summary judgment is GRANTED. This action is hereby DISMISSED.