**William DONOVAN, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 82–566 CMW.**

United States District Court,
D. Delaware.

Oct. 22, 1984.

Hank R. Bernstein, of Chadds Ford, Pa., for plaintiff.

Joseph J. Farnan, Jr., U.S. Atty., Richard McMahon, Asst. U.S. Atty., Wilmington, Del. (Diane C. Moskal, Regional Atty., and John Newton, Asst. Regional Atty., Philadelphia, Pa., of counsel), for defendant.

OPINION

CALEB M. WRIGHT, Senior District Judge.

Hank R. Bernstein, an attorney for a social security claimant, has moved for attorney's fees pursuant to 42 U.S.C. § 406. That statute provides that an attorney of a claimant who prevails in proceedings before the Secretary or before a court is

entitled to a reasonable fee not to exceed 25% of the claimant's past-due benefits. Part (a) of § 406 provides that the Secretary shall approve the reasonableness of the attorney's fees in administrative proceedings. Part (b) authorizes courts to make a similar determination in judicial proceedings under the Social Security Act. Matters under this Act involving representation before a district court necessarily presuppose representation before an administrative body. The central issue posed by this Motion is whether an attorney can obtain through a single fee petition to the district court an award for services rendered before the district court and the Secretary, or instead whether an attorney is required to file a separate fee petition to each tribunal for representation of his client before that tribunal.

## FACTS

The claimant in this case, William Donovan, was originally denied disability benefits under the Social Security Act after several levels of administrative review. The decision of the Secretary was vacated and remanded on appeal to this Court in a decision on summary judgment issued May 31, 1983. On remand, an administrative law judge determined that the claimant was disabled and his recommendation was adopted by the Appeals Council. No determination of the actual award to the claimant has been made, nor has the amount of past-due benefits been ascertained.

On August 17, 1984, the Office of Hearings and Appeals in the Social Security Administration notified the claimant's attorney to submit a fee petition to their office. Instead of filing a fee petition with the Office of Hearings and Appeals, the attorney has moved for attorney's fees in this Court for his efforts on behalf of his client before the Secretary and before this Court. He requests $6,000.00 for his services based on his itemization of 92.75 hours billed, 25.45 hours of which were spent in connection with the appeal before this Court (all time between August 17, 1982 and June 9, 1983 in the fee petition).

## DISCUSSION

This Court finds nothing unreasonable about the fees requested by the claimant's attorney. The 92.75 hours spent in ultimately vindicating the claimant's right to Social Security benefits were not inordinate. Moreover, the fee petition presents a complete itemization of the time spent for representation. The hourly rate comes to almost $65.00 an hour, a rate that is not out of line with what other attorneys charge for cases of similar complexity. Thus, if the only issue confronting this Court were whether the fee was reasonable, the Court would approve the attorney's motion for fees.

In deciding this Motion, however, the Court is concerned by two additional issues: whether a court can award attorney's fees prior to certification of award for past-due benefits by the Secretary; and whether a district court may base its award of attorney's fees on efforts expended by an attorney for proceedings before the Secretary. While these issues have been addressed by a number of courts, the law in the Third Circuit is unsettled. Sound judicial practice dictates a review of the proper construction of § 406 to dispose of this Motion.

1. *Consideration of Fee Petitions Prior to Certificate of An Award.*

The first issue is whether this Court, in fulfilling its duties under 42 U.S.C. § 406(b), may enter an award for attorney's fees prior to the Secretary's certification of an award for past-due benefits. Of primary concern is the district court's responsibility to see that attorney's fees for representation before the Court and the Secretary do not in aggregate exceed 25% of the claimant's past-due benefits. *Morris v. Social Security Administration*, 689 F.2d 495, 497 (4th Cir.1982). This responsibility does not preclude entry of a conditional order authorizing the Secretary to disburse a fee for services performed before the district court provided, however, that that fee when added to any fee that the Secretary deems appropriate, does not exceed 25% of the claimant's past due bene-

fits. In the event that the 25% limit is exceeded, the Secretary would be authorized to reduce the district court's fee award to 25% of the past-due benefits.

A second factor militating against issuance of an order approving a fee petition prior to the Secretary's certification of an award for past-due benefits is the confusion to the Secretary in administering payment of the fees. If the Social Security Administration were reasonably efficient in processing these claims, such a consideration might be cause for concern. Unfortunately past experience in these matters requires this Court to take into account the delays encountered by attorneys in seeking their fees. Under these circumstances, delay by the district court in its consideration of fee petitions only compounds the potential for confusion in the Social Security Administration's handling of fee claims and forces district courts to reconsider attorneys' petitions long after the case file has grown cold. Therefore, this Court will authorize requests for attorney's fees conditionally, that would otherwise be reasonable, whenever it becomes clear that the claimant has prevailed, even if an award for past-due benefits has not been certified by the Secretary.

The conditional order provided for in the Court's decision today is fully consistent with the Supreme Court's decision last term in *Heckler v. Day*, —— U.S. ——, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984). There the Supreme Court held that a district court could not issue an injunction against the Secretary requiring her to adjudicate claims under Title II of the Social Security Act according to judicially established deadlines. The conditional order does not require the Secretary to take action prior to certification of an award. Rather, it merely settles all issues before the district court regarding fees so that when a certification of award is made, the attorney will encounter no delays in receiving his fee.

  2. *The District Court's Authority to Award Fees for Representation Before the Secretary.*

■ The question of whether a district court may award attorney's fees for services performed before the Secretary has been a source of dispute among the circuit courts. A majority of circuits have construed § 406 to preclude a district court from awarding attorney's fees for services performed before an administrative tribunal. *See Morris v. Social Security Administration*, 689 F.2d 495, 497 (4th Cir. 1982); *Whitt v. Califano*, 601 F.2d 160, 162 (4th Cir.1979); *MacDonald v. Weinberger*, 512 F.2d 144, 146 (9th Cir.1975); *Gardner v. Menendez*, 373 F.2d 488, 490 (1st Cir. 1967). This construction mandates that an attorney for a prevailing claimant must submit separate fee petitions to the Secretary and the district court for services rendered before each body respectively (the "separate" petition rule).

The minority rule at the circuit court level, which to date has been endorsed only by the Sixth Circuit, holds that "the tribunal that ultimately upholds the claims for benefits is the only tribunal that can approve and certify payment of an attorney fee." *Webb v. Richardson*, 472 F.2d 529, 536 (6th Cir.1972); *accord Lewis v. Secretary of Health and Human Services*, 707 F.2d 246, 247 (6th Cir.1983). This single petition rule would make either the district court or the Secretary exclusively responsible for determining the attorney's total fee.

The separate petition rule comports more closely with the literal wording of § 406. On the other hand, the minority rule would promote the efficient consideration of fee petitions. It has been claimed that only the "single petition" construction of § 406 takes into account the 1965 and 1968 amendments to § 406. *See Kemp v. Schweiker*, 587 F.Supp. 778, 781–82 (W.D. Pa.1984). However, the circuit courts adhering to the separate petition rule have considered these amendments and weighed the opposing view of the Sixth Circuit. *See MacDonald v. Weinberger*, 512 F.2d at 146 n. 3 (9th Cir.1975) (expressly disavowing the Sixth Circuit's position); *Morris v. Social Security Administration*, 689 F.2d

495, 497 (4th Cir.1982). The amendments to § 406, by themselves, provide inconclusive evidence for one construction of the section over another.

The Third Circuit has had no opportunity to express its views with respect to either the separate or single petition rule. Indeed, district courts within the Third Circuit have adhered to both rules. *Compare Oroshnik v. Schweiker*, 569 F.Supp. 399, 400 (D.N.J.1983) (endorsing the separate petition rule), *with Kemp v. Schweiker*, 587 F.Supp. 778, 780 (W.D.Pa.1984) (adhering to the single petition rule). Regardless of which rule this Court adopts, the request for attorney's fees for services performed before the Secretary must be denied. The separate petition rule precludes the Court from awarding fees for representation other than before the district court. Even under the single petition rule, the Court is obliged to withhold any award of fees when, as in this case, the district court is not the tribunal that ultimately upholds the claimant's right to benefits.

Because the single petition rule would also foreclose this Court from entering a conditional award of fees for representation rendered before the district court, this Court must nevertheless choose between these two rules. The Court holds that the separate petition approach is the more persuasive interpretation of § 406. In addition to the wording of the statute itself and the weight of judicial authority, the Court finds strong support for its view in the limited scope of judicial review with respect to the Secretary's determination of attorney's fees. In cases in which the Secretary makes a determination as to fees, the district courts lack jurisdiction to consider the reasonableness of that determination.

*Thomason v. Schweiker*, 692 F.2d 333, 335 (4th Cir.1982); *Copaken v. Secretary of HEW*, 590 F.2d 729, 731 (8th Cir.1979); *Chernock v. Gardner*, 360 F.2d 257, 259 (3d Cir.1966); *Pepe v. Schweiker*, 565 F.Supp. 97, 98 (E.D.Pa.1983).[1] The limited judicial review of the Secretary's decision under the Social Security Act suggests a statutory intent to separate areas in which discretion is given to the Secretary from those in which a district court's exercise of discretion is warranted.[2]

The bizarre consequences in terms of appellate procedure that would ensue if the single petition rule was applied in conjunction with the limitations on district court's power of judicial review over the Secretary provides further compelling evidence for the "separate petition" construction of § 406. If the district court remanded a proceeding back to the Secretary and the Secretary ultimately found for the claimant, then the Secretary's determination of fees, under a single petition rule, including representation before the district court would not be subject to appeal. On the other hand, if the district court entered judgment for the claimant, its determination of attorney's fees including services rendered before the Secretary could be appealed to the circuit court. Thus, in some cases the circuit court would have jurisdiction to hear appeals regarding attorney's fees before the Secretary and in other cases it would not. The result would be entirely arbitrary. The separate petition rule leads to a more symmetrical outcome. Fee petitions for representation before the Secretary would never be appealable, while a district court's determination of an attorney's fee would.

---

1. The district court in *Pepe* relied on two recent cases of binding authority in the Third Circuit that delimited the scope of judicial review by district courts of the Secretary's decisions: *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977) (holding that the decision of the Secretary to not reopen a disability proceeding was not appealable); *Penner v. Schweiker*, 701 F.2d 256 (3d Cir.1983) (holding that decision of Secretary which would otherwise not be appealable could be appealed when constitutional values were implicated).

2. *Cf., Heckler v. Day*, — U.S. —, 104 S.Ct. 2249, 2258, 81 L.Ed.2d 88 (1984) (holding that district court's injunction requiring the Secretary to adhere to judicially established deadlines in adjudicating claims under the Social Security Act was an unwarranted judicial intrusion in an area where the statute endowed the Secretary with discretion).

For these reasons, the Court will conditionally grant that part of the Motion before it with respect to services performed before the Court so long as that fee does not exceed 25% of the past-due benefits of the claimant. The remainder of the fee petition is denied.