812 F.2d 1402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Delica STEVENS, as Mother and Natural Guardian of John
Earnest Stevens, by her attorney, Steven L.
Willner, Real Party in Interest,
Plaintiff-Appellant,
v.
Margaret M. HECKLER, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 86-3042.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 10, 1986.
Decided Feb. 17, 1987.
 
 Before RUSSELL, SPROUSE and CHAPMAN, Circuit Judges.
 Steven L. Willner on brief for appellant.
 Claire S. Hoffman, Office of the General Counsel, Social Security Division, Department of Health and Human Services (Breckinridge L. Willcox, United States Attorney, Donald A. Gonya, Chief Counsel for Social Security, Randolph W. Gaines, Deputy Chief Counsel for Social Security Litigation, John M. Saccheti, Chief Retirement and Survivors Insurance Litigation Branch, Julie Simpson on brief) for appellee.
 CHAPMAN, Circuit Judge:
 
 
 1
 This action was brought by Steven Willner, an attorney who represented Delica Stevens before the Social Security Administration (SSA) in an attempt to obtain survivor benefits for her and her children. Willner's efforts on behalf of his client were ultimately successful. The SSA, however, determined that Willner was entitled to only a fraction of the fee he sought, and Willner has turned to the court to have this fee determination set aside. As the SSA has not violated the constitution or laws of the United States in reaching its decision regarding Willner's fee, we affirm.
 
 I.
 
 2
 In March of 1978, after the death of her husband, Delica Stevens filed a claim with the SSA for survivor benefits. These benefits were never received, and in October of 1982 Stevens retained Willner to pursue the matter for her. Willner learned that the delay resulted from Stevens' failure to notify the SSA of her change of address when she moved from New York to Washington, D.C. The SSA advised Willner that it was prepared to pay the accrued benefits due to Stevens and her daughter, but that it challenged the paternity of her son.
 
 
 3
 Dissatisfied with the manner in which the SSA was disposing of this matter, Willner decided to seek a writ of mandamus in the United States District Court for the District of Columbia. Stevens agreed to allow Willner to go forward with the law suit and paid him the sum of One Thousand One Hundred Dollars ($1,100.00) to cover his fee and the court costs for the mandamus action. Finding that Stevens had failed to exhaust her administrative remedies, the district court dismissed the complaint.
 
 
 4
 Willner was eventually able to obtain the medical records from the Kings County Hospital in Brooklyn, to satisfy the SSA of the son's paternity and the desired benefits were awarded. In August of 1983, Willner submitted a fee petition to the SSA. This petition documented sixty-two (62) hours expended on Stevens' behalf, and sought a fee of Five Thousand Five Hundred and Eighty Dollars ($5,580.00). On March 26, 1984, the SSA approved a fee of Four Hundred Dollars ($400.00), to be deducted from the benefits awarded Stevens. Dissatisfied with his fee, Willner requested an administrative review of the fee award. The review was conducted and the fee of Four Hundred Dollars ($400.00) was affirmed.
 
 
 5
 Willner then brought this action in the United States District Court for the District of Maryland seeking to have a fee set by the court. The SSA moved to dismiss Willner's action for lack of subject matter jurisdiction and the district court granted the motion. Willner appeals. from that decision.
 
 II.
 
 6
 We have held that the award of attorney's fees is within the Secretary's discretion, and that judicial review of the"reasonableness" of a fee is procluded by the Social Security Act. 42 U.S.C. Secs. 405 and 406 (1982); Thomason v. Schweiker, 692 F.2d 333 (4th Cir.1982). Though the Secretary has sole authority to set the fee, he may not do so arbitrarily. Thus, even where an action is committed, by law, to the absolute discretion of an agency, courts have assumed the power to review allegations that the agency exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations. Garcia v. Neagle, 660 F.2d 983 (4th Cir.1981), cert denied 454 U.S. 1153 (1982).
 
 
 7
 Cognizant of these principles Willner advances two arguments. First, he asserts that when the SSA conducted its review of the initial fee determination it violated its own regulations because it permitted the review to be conducted by the same individual who had initially set the fee. 20 C.F.R. 404.1720 provides that the review of a fee determination will be conducted by an SSA official who did not participate in the initial determination. Thus, had the SSA acted in the manner which Willner alleges, it would have been in violation of its own regulations. The correspondence which is contained in the record, however, does not support Willner's allegation. Indeed, from the record in this case it is apparent that the SSA's review of Willner's fee was conducted by an official who did not participate in the original fee determination.
 
 
 8
 Among the factors considered by the SSA in setting Willner's fee was the fact that he had already received eleven hundred dollars ($1,100.00) from his client. Because that money constituted payment for a representation before a federal court and not before the SSA, Willner's second claim is that the SSA improperly considered this prior fee when setting the fee for his SSA representation. Indeed, Willner contends that such consideration is prohibited by 20 C.F.R. 404.1728(a). This reading of the regulation is inaccurate, for 20 C.F.R. 404.1728(a), provides that the SSA will not include in the fee it sets any recompense for services rendered before any court or administrative body except the SSA. Thus, while the SSA will approve payment for any legal services other than those rendered before it, 20 C.F.R. 404.1728(a) does not prohibit the SSA from considering fees paid for representation before other bodies in the same matter. The Eleven Hundred Dollars ($1,100.00) in question was paid for services rendered in connection with the same claim for benefits on behalf of Stevens' son. The SSA violated no law or regulation in considering that Eleven Hundred Dollars ($1,100.00) when it set Willner's fee.
 
 
 9
 The district court was, therefore, correct in dismissing this action for lack of subject matter jurisdiction, and its decision is
 
 
 10
 AFFIRMED.