**Kenneth SMITH, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 86–0054–B.**

United States District Court,
W.D. Virginia,
Big Stone Gap Division.

March 27, 1987.

Hugh O'Donnell, Castlewood, Va., for plaintiff.

Jennie Montgomery, Asst. U.S. Atty., Roanoke, Va., for defendant.

## MEMORANDUM OPINION

GLEN M. WILLIAMS, District Judge.

Kenneth W. Smith has brought this action challenging the decision of the Secretary of Health and Human Services in awarding a fee to Mr. Smith's attorney for services rendered by the attorney in conjunction with plaintiff's successful efforts to establish entitlement to supplemental security income (SSI) benefits under the Social Security Act, 42 U.S.C. § 1381 *et seq.* Jurisdiction of the court is asserted pursuant to 5 U.S.C. § 702, 42 U.S.C. § 406(a), and the Fifth Amendment to the United States Constitution. The Secretary has filed a motion to dismiss on the ground that the court is without subject matter jurisdiction. The issue has been thoroughly briefed and is now ripe for disposition.

## STATEMENT OF THE FACTS

On July 15, 1980, the plaintiff, Kenneth Smith, filed application for disability insurance benefits and supplemental security income benefits. His claims were denied upon initial consideration. After receiving the denial, Mr. Smith contacted Don Earls, Esq., an attorney in Norton, Virginia, in order to secure assistance in pursuing his administrative remedies. Mr. Earls agreed to represent the plaintiff. Under their agreement, the plaintiff would compensate the attorney only in the event that the applications were ultimately approved.

Mr. Smith's claims were denied upon reconsideration. With Mr. Earls' help, he then requested and received a *de novo* hearing and review before an Administrative Law Judge. The Law Judge also denied the claims for benefits. The Law Judge's opinion was adopted as the final decision of the Secretary by the Social Security Administration's Appeals Council. Mr. Earls then instituted a legal action on Mr. Smith's behalf in this court.

On October 1, 1981, the court remanded the case to the Secretary for additional proceedings. Sometime later, a new administrative hearing was conducted. After that hearing, an Administrative Law Judge again recommended that plaintiff's claims be denied. The recommendation was adopted by the Social Security Administration's Appeals Council. Mr. Smith's case was then reinstated on the active docket of this court.

On February 10, 1983, the court affirmed the denial of plaintiff's claim for disability insurance benefits. However, the court again remanded the SSI claim to the Secretary for further development. In August of 1983, another Administrative Law Judge recommended that plaintiff's claim for SSI benefits be approved. This recommendation was adopted by the Appeals Council in September of 1983.

As a result of this favorable administrative decision, Mr. Smith was found to be entitled to back SSI benefits in the amount of six thousand six hundred forty dollars ($6,640.00). In February of 1984, Mr. Earls submitted a fee petition to the Social Security Administration. In this petition, Mr. Earls represented that he had devoted 82¾ hours to plaintiff's case. It is now undisputed that the attachments to Mr. Earls' petition document only 54¾ hours. This includes time and effort expended both at the administrative level and before this court. Mr. Earls also indicated in his petition that he and the client had agreed on a fee amounting to seventy-five dollars ($75.00) per hour or 25 percent of the back due benefits. While the petition did not specify whether the greater or lesser of these two amounts had been agreed upon, plaintiff now alleges that after inquiries by Social Security Administration personnel,

Mr. Earls indicated that the parties had agreed upon the greater amount.

On May 14, 1984, the Social Security Administration authorized Mr. Earls to charge and receive a fee in the amount of four thousand one hundred six dollars and twenty-five cents ($4,106.25). The fee was to be collected directly from the client.

It seems that Mr. Earls eventually initiated a state court action in an attempt to collect the fee. Mr. Smith obtained different counsel and filed a request to the Social Security Administration for reconsideration of the fee authorization. This request was denied inasmuch as it had not been filed in a timely fashion. Mr. Smith and his new attorney filed the instant complaint on April 18, 1986. On June 5, 1986, the Social Security Administration issued an amended authorization to Mr. Earls. In the amended authorization, the attorney was permitted to charge a fee of two thousand five hundred dollars ($2,500.00) rather than $4,106.25. As the basis for this reduction, the Attorney Fee Officer noted that Mr. Earls' time and effort in federal court had been erroneously considered in determining the amount of fee to be collected for efforts rendered at the administrative level. Plaintiff sought review of the amended authorization. In so doing, plaintiff noted that the newer fee authorization still permitted collection of an amount in excess of 25 percent of past due benefits. On July 30, 1986, the approval of a fee of $2,500.00 was upheld upon reconsideration.

## STATEMENT OF PLAINTIFF'S CONTENTIONS

Plaintiff now seeks a declaration that the fee approved by the Secretary is "statutorily invalid."[1] Plaintiff has advanced several arguments in support of his contentions. Stated succinctly, plaintiff alleges that the regulatory procedures for approval of a fee were not followed in this case. *See* 20 C.F.R. §§ 416.1520 and 416.1525. Plaintiff

contends that these deviations constituted a violation of his right to due process as guaranteed under the Fifth Amendment. As specific examples of these deviations, plaintiff alleges as follows:

1. The Secretary failed to provide plaintiff with notice of the general criteria under which attorney fee petitions are considered;

2. The Secretary failed to explain the basis of award for the attorney's fee approved in this particular case, as required under 20 C.F.R. § 416.1520(c)(2);

3. The Secretary initially approved a fee even though the underlying petition set forth an incorrect figure as to the amount of time devoted to the case. *See* 20 C.F.R. § 416.1525(a)(2);

4. The Secretary amended the authorization of Mr. Earls' fee without requiring the attorney to submit a revised fee petition correctly stating the true number of hours and the alleged terms of the fee agreement, as required under 20 C.F.R. § 416.1525(a)(7); and

5. The Secretary initially approved a fee even though the governing regulations specifically prohibit consideration of time expended at the federal court level in approving a fee for administrative services. *See* 20 C.F.R. § 416.1528.

In his remaining claim for relief, plaintiff notes that the initial agreement between himself and the attorney was designed to cover services rendered in conjunction with both his claim for disability insurance benefits and the claim for SSI benefits. Plaintiff contends that in representing a claimant for disability insurance benefits, the attorney is limited to recovery of a fee not exceeding 25 percent of the back due benefits. Since Mr. Earls allegedly informed the Social Security Administration that his

---

1. In his initial memorandum in support of his motion to dismiss, the Secretary suggests that plaintiff's original complaint is now moot given the subsequent reconsideration of the matter of Mr. Earls' fee. However, the court agrees with plaintiff's contention that the complaint is directed to the procedures by which the fee was approved rather than the amount of the fee itself. Furthermore, plaintiff alleges that even after the reduction, the approved fee greatly exceeds that normally authorized for such cases.

agreement provided for $75.00 per hour or 25 percent of back due benefits, whichever was *greater,* and since the Secretary purportedly approved a fee on the basis of this agreement, plaintiff maintains that the ultimate decision of the Secretary is invalid inasmuch as it was premised on an illegal agreement.

## DECISION OF THE COURT

■ While plaintiff's arguments are admittedly interesting and thought provoking, the court must conclude that it is without subject matter jurisdiction in this case. It is well established that the court lacks jurisdiction to review the reasonableness of the action of the Social Security Administration in awarding a fee for administrative services by an attorney, unless the Administration exceeded its own legal authority, acted unconstitutionally, or failed to follow its own regulations. *Thomason v. Schweiker,* 692 F.2d 333, 335 (4th Cir.1982). The court concludes that none of the exceptional circumstances justifying the exercise of jurisdiction is present in the instant case.

Plaintiff's primary argument is premised on the assertion that the agreement between himself and Mr. Earls contemplated a fee award not exceeding the lesser of 25 percent of back due benefits or $75.00 per hour expended.[2] Plaintiff argues that the Secretary acted beyond his legal authority in approving a fee greater than that contemplated by the attorney and client at the time the contingent fee agreement was reached. Citing 42 U.S.C. § 1383(d)(2), the Secretary maintains that, in SSI cases, he is not bound by the agreement of the attorney and client in establishing an appropriate fee for services rendered at the administrative level.

The court is simply unaware of any basis upon which to dispute the Secretary's interpretation of 42 U.S.C. § 1383(d) as to the extent of his authority in approving SSI administrative attorneys' fees. The more common case is one in which the Secretary

establishes a fee below that provided by the fee agreement. *See, e.g., Thomason v. Schweiker, supra.* Indeed, both sides apparently agree that there are no cases dealing with the approval of a fee in excess of that contemplated by the parties.

The regulations promulgated by the Secretary pursuant to § 1383(d)(2) do not address the significance of a contingent fee agreement. *See* 20 C.F.R. §§ 416.1520 and 416.1525. Instead, 20 C.F.R. § 416.1525(b) provides that a variety of factors will be considered:

*Evaluating a request for approval of a fee.* (1) When we evaluate a representative's request for approval of a fee, we consider the purpose of the supplemental security income program, which is to assure a minimum level of income for the beneficiaries of the program, together with—

(i) The extent and type of services the representative performed;

(ii) The complexity of the case;

(iii) The level of skill and competence required of the representative in giving the services;

(iv) The amount of time the representative spent on the case;

(v) The results the representative achieved;

(vi) The level of review to which the claim was taken and the level of the review at which the representative became your representative; and

(vii) The amount of fee the representative requests for his or her services, including any amount authorized or requested before, but not including the amount of any expenses he or she incurred.

(2) Although we consider the amount of benefits, if any, that are payable, we do not base the amount of fee we authorize on the amount of the benefit alone, but on a consideration of all the factors listed in this section. The benefits payable in any claim are determined by specific pro-

---

**2.** Actually, plaintiff did not allege in his complaint that the parties had agreed upon the lesser amount. This assertion is first found in one of plaintiff's memoranda in opposition to the Secretary's motion to dismiss. However, for purposes of the present analysis, the court will assume that the agreement actually contemplated the lesser sum.

visions of law and are unrelated to the efforts of the representative. We may authorize a fee even if no benefits are payable.

■ Plaintiff argues that the Secretary clearly exceeded his legal authority, as contemplated under *Thomason v. Schweiker, supra,* in overriding the contingent fee agreement. However, the court notes that the bottom line was the same in *Thomason,* in that the attorney was unable to enforce his agreement to recover the full 25 percent of back due benefits. It must therefore be concluded that, in the instant case, the Secretary did not exceed his legal authority merely because he declined to effect an agreement previously reached by the parties.

While the court agrees that the Secretary's behavior in this case has been somewhat unusual, the court believes that the statutory and regulatory framework in such matters is properly structured so as to accord the Secretary a great measure of discretion. As pointed out by plaintiff on several occasions, it must be remembered that the instant case began as a concurrent claim for disability insurance benefits and supplemental security income benefits. Thus, it may be assumed that at the time the contingent fee agreement was reached, both Mr. Earls and Mr. Smith contemplated that, if successful, Mr. Smith would receive both disability insurance benefits and supplemental security income benefits. It follows that both parties anticipated that a finding of entitlement would entail the establishment of a much more substantial level of back due benefits. Once it was determined that plaintiff was entitled to only SSI benefits, the amount of back benefits from which the claimant could have been expected to pay his attorney proved to be much smaller.

It appears reasonable to the court that the Secretary is empowered to consider all these circumstances in determining the appropriate attorney's fee. Mr. Earls' fee would have been much more substantial under the agreement if plaintiff had been found eligible to disability insurance benefits. Nevertheless, the amount of time and effort expended by Mr. Earls remained essentially the same. It seems especially appropriate that, in the SSI context, the Secretary has chosen to rely on the relatively fact-specific criteria of § 416.1525(b). Stated succinctly, in a severed SSI entitlement case such as this, the automatic adoption of a contingent fee agreement is neither reasonable nor necessarily consistent with the parties' original intent.[3]

In short, the court concludes that the Secretary was not bound by the provisions of the contingent fee agreement. Congress has chosen to leave such questions to the discretion of the Secretary.

■ The court finds plaintiff's remaining arguments to be totally without merit. In later pleadings, plaintiff has suggested that the fee approved grossly exceeds that normally approved by the Secretary in SSI cases. Clearly, this argument goes to the reasonableness of the fee in question, an inquiry beyond this court's jurisdiction. In passing, the court notes that any determination of an "average" fee assumes that some fees will be higher than normal and some lower. While the fee approved in the instant case may have fallen in the "higher" category, this fact standing alone does not mean that the award of such a fee was illegal or unconstitutional. While the court's opinion on this point is of no particular consequence, the court believes that a fee of $2,500.00, or for that matter, $4,106.25, was not excessive given the amount of time and effort expended.

■ Finally, the court concludes that plaintiff's arguments regarding the regulatory discrepancies in this case do not support a claim of due process deprivation. At the outset, it should be noted that the regu-

---

**3.** Of course, the blade slices both ways. In a concurrent claim in which a claimant is ultimately found to be entitled to both disability insurance benefits and supplemental security income benefits, it may well be that a claimant's attorney would be over compensated if a contin-gent fee agreement providing for 25 percent of *all* back benefits was enforced. Thus, 20 C.F.R. § 416.1525(b)(vii) allows consideration of any amounts otherwise requested in determining the appropriate fee for services rendered in the SSI claim.

lations afford the claimant an opportunity to challenge any fee awarded to his attorney. The request for review must be made within thirty days from the date of notice of the fee determination. 20 C.F.R. § 416.-1520(d). At the time of filing of a request for review, the claimant has full opportunity to identify procedural discrepancies, to argue as to the excessiveness of any fee, or to challenge the accuracy of statements made in the fee petition. It is undisputed that Mr. Smith did not make a timely request for review of the initial fee award. Thus, the court finds no basis for a claim of due process deprivation.

Even as it was, the Secretary undertook to reconsider the fee award in this case on his own motion. The decision to reconsider may or may not have been prompted by the filing of the civil action. In any event, the reconsideration demonstrates that Mr. Smith was afforded the right to be heard. After the amended authorization was made, plaintiff chose to seek review by the Social Security Administration's Appeals Council. In his arguments to the Appeals Council, plaintiff cited the uncertainty surrounding the contingent fee agreement and the provisions of 42 U.S.C. § 406(a) as grounds for further relief. No mention was made of the regulatory discrepancies which had previously been identified in plaintiff's complaint to this court. Given these circumstances, it is difficult to understand how plaintiff could now maintain that his right to due process has been violated. The court believes that the due process claim is deficient, if for no other reason than the lack of appropriate administrative exhaustion.

The court also concludes that the procedural inadequacies identified by plaintiff are simply not material. Even assuming that all plaintiff's factual allegations regarding the procedural inadequacies are accurate, there is no indication that these inadequacies led to the denial of plaintiff's right to be heard or to the establishment of an illegal fee. While the Due Process Clause does implicate such fundamental rights, *see, e.g., Matthews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976),

due process does not insure errorless process.

## CONCLUSION

For the reasons stated, the court concludes that it is without subject matter jurisdiction in this case. Accordingly, the defendant's motion to dismiss must be granted. An appropriate order will be entered this day.