**Lee A. PALMER, Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security.**

**No. 03–3071.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Feb. 24, 2004.

Decided March 2, 2004.

Zenford A. Mitchell, Pittsburgh, PA, for Appellant.

William B. Reeser, Social Security Administration, OGC/Region III, Philadelphia, PA, for Appellee.

Before RENDELL, BARRY, and ROSENN, Circuit Judges.

## OPINION OF THE COURT

ROSENN, Circuit Judge.

After extensive litigation before the Commissioner of Social Security and judicial review in the United States District Court for the Western District of Pennsylvania, Lee A. Palmer successfully obtained an award of disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433. Retroactive benefits were awarded in the amount of $76,787. The Agency withheld 25% of this amount, $19,210.25, for the possible payment of attorney fees in this matter. Zenford A. Mitchell, an attorney of the bar of this Court, represented Palmer in the administrative proceedings and in the United States District Court. He filed a fee petition with the Administrative Law Judge (ALJ), seeking a fee under 42 U.S.C. § 406(a)(1) for the full 25% of Palmer's retroactive insurance benefits.

The ALJ, who presided over the merits of the Palmer claim for DIB, determined that a fee of $7,000 represented a reasonable sum for the services rendered by Mitchell before the Agency. Mitchell appealed that decision to the Regional Chief Judge who, after consideration of the nature of services provided by Mitchell, the complexity of the case, the level of skill required, and the results achieved, determined that Mitchell could charge a fee of $8,500. The Chief Judge noted in his opinion his reasons for increasing the amount awarded by the ALJ. The Chief Judge also noted that no further review or appeal of his determination were available.

Dissatisfied with the amount of the fee allowed by the Regional Chief Judge, Mitchell sought a writ of mandamus from the District Court. The complaint alleged that the attorney fee allowed by the Regional Chief Judge was unreasonable and unjustified in light of the complexity of the case, the large amount of time he spent counseling his client and representing him in the administrative proceedings, as well in the District Court. The Commissioner filed a motion to dismiss the complaint for lack of subject matter jurisdiction on the ground that the administrative action in question is not subject to judicial review.

The District Court granted the Commissioner's motion to dismiss. Mitchell timely appealed. We affirm.

## I.

Attorney Mitchell seeks judicial review of the Regional Chief Judge's decision under 42 U.S.C. § 406(a)(1) for representation before the Social Security Administration. A request to charge a fee for time spent before the federal court is made pursuant to 42 U.S.C. § 406(b). Mitchell filed a petition for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 42 U.S.C. § 2412(d). He did not file a petition for attorney fees pursuant to 42 U.S.C. § 406(b) in this matter. His petition under the EAJA sought $5,573.88 for 39 hours of work he claims he performed on behalf of Palmer before the District Court. The parties entered into a stipulation for payment of this claim in the sum of $4,800, which the District Court approved. Mitchell's services in the federal court were not before the District Court.

The claim before the Regional Chief Judge and before us now is for services representing Palmer in the administrative proceedings. In those proceedings, Palmer and Mitchell executed a retainer agreement entitled "Agreement of Representation," dated July 18, 1997, which provided for a counsel fee "equal to the lesser of 25% of the past due benefits," or $4,000. The agreement further provided that in the event of a remand and/or necessity for Mitchell to appear before a federal court, such services would not be performed pursuant to this retainer agreement, but that a new agreement would be negotiated. Palmer and Mitchell did enter into a second "Agreement of Representation" in 2001, prior to Mitchell's filing a complaint. This agreement, however, is incomplete on its face, although prepared by Mitchell, but its terms are not in dispute.

Upon being notified of the award to Palmer by the Social Security Commissioner, Mitchell filed a fee petition with the Agency seeking attorney fees in the amount of $19,225 from Palmer's past due benefits. A review of the petition shows that Mitchell requested compensation for all the time he claims he spent working on Palmer's claim for DIB, including 34.75 hours he spent on the case before the District Court between May and January 15, 2002. The decision of the Regional Chief Judge approved $8,500 of the $19,210.25 of benefits withheld for services before the Agency. Mitchell argues that this decision became the final decision of the Commissioner for purposes of judicial review. Mitchell argues on appeal that he has provided continuous uninterrupted representation to Palmer in an effort to achieve a favorable result in this case. Those services amounted, according to him, to 106.75 hours spent in the administrative proceedings. He vigorously asserts that a payment of $8,500 is not fair or adequate compensation.

The Commissioner filed a motion in the District Court to dismiss the case for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. Proc. § 12(b)(1), on the basis that the administrative action in question is not subject to judicial review. The District Court held that when an attorney and a Social Security claimant enter into a fee arrangement before the Agency renders its determination on the claim, and with the Agency's approval, the attorney may recover either 25% of past due benefits or $5,300, whichever is less, for time spent before the Agency. 42 U.S.C. § 406(a)(2)(A)(ii). The plaintiff's counsel filed a fee petition pursuant to 42 U.S.C. § 406(a)(1). The District Court found that the Agency therefore had the authority to

determine the reasonableness of the fee request, and that a federal court's jurisdiction is limited to reviewing the Commissioner's "final decision." 42 U.S.C. § 405(g). *See Bacon v. Sullivan,* 969 F.2d 1517 (3d Cir.1992).

Although plaintiff argues that the Agency determination was a "final decision" subject to judicial review, the District Court held it lacked jurisdiction to review the Agency's finding as to the reasonableness of attorney fees. The Commissioner argues that the Regional Chief Judge's fee award is not a final decision of the Commissioner that is subject to judicial review under 42 U.S.C. § 405(g), nor is it a determination of the fee award under 42 U.S.C. § 406(a). 20 C.F.R. § 404.903(f)(2003).

Mitchell elected to file a fee petition pursuant to 42 U.S.C. § 406(a)(1). He elected to do so because he sought fees in excess of the maximum $5,300 which is now permitted pursuant to a fee agreement under 42 U.S.C. § 406(a)(2). The Agency had the authority to determine the reasonableness of the fee request as set forth by 42 U.S.C. § 406(a)(1). The Social Security Act, 42 U.S.C. § 405(h) precludes federal courts from exercising jurisdiction over the decision of the Commissioner of Social Security fixing the fee of counsel for services rendered in administrative proceedings. The Act specifically provides that no action against the United States, the Commissioner of Social Security, or any officer or employee thereof, shall be brought under § 1331 or 1346 of Title XXVIII to recover on any claim arising under this subchapter.

The Supreme Court has held that § 405(h) precludes federal-question jurisdiction regardless of how a plaintiff characterizes his claims. *Heckler v. Ringer,* 466 U.S. 602, 614, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). The fee determination under 42 U.S.C. § 406(a) is not a "final decision" under § 405(g) which is subject to judicial review. A federal court's jurisdiction is limited to reviewing the Commissioner's "final decision." 42 U.S.C. § 405(g). *See Bacon v. Sullivan,* 969 F.2d 1517, 1519–21 (3d Cir.1992). "There is no judicial review of an administrative determination that a certain amount of money is a reasonable fee for services in the administrative proceeding." *Cuthbert v. Secretary, Dept. of Health and Human Services,* 784 F.2d 1157, 1159 (4th Cir.1985) (citing *Thomason v. Schweiker,* 692 F.2d 333, 335–36 (4th Cir.1982)).

### III.

Accordingly, the District Court did not err in refusing to entertain the request for mandamus relief. The order of the Court dismissing the complaint for lack of jurisdiction is affirmed. Costs taxed against Zenford A. Mitchell.