Albert KOVACH, Plaintiff,

v.

Margaret HECKLER, Secretary of Department of Health and Human Services, Defendant.

Calvin BEATTY, Plaintiff,

v.

Margaret HECKLER, Secretary of Department of Health and Human Services, Defendant.

Larry B. SULLIVAN, Plaintiff,

v.

Margaret HECKLER, Secretary of Department of Health and Human Services, Defendant.

Civ. A. Nos. 83–573, 84–1091 and 84–1651.

United States District Court, W.D. Pennsylvania.

June 5, 1985.

Robert N. Pierce, Jr., Pittsburgh, Pa., for Kovach.

John W. McTiernan, Pittsburgh, Pa., for Beatty.

James D. Terry, Uniontown, Pa., for Sullivan.

Anthony M. Mariani, Asst. U.S. Atty., Pittsburgh, Pa., for defendant in Civ. A. Nos. 83–573 and 84–1651.

Barbara Carlin, Asst. U.S. Atty., Pittsburgh, Pa., for defendant in Civ. A. No. 84–1091.

## MEMORANDUM OPINION

TEITELBAUM, Chief Judge.

### I.

Presently before the Court are petitions for attorneys' fees and costs pursuant to 42 U.S.C. § 406(b)(1) by counsel for the above plaintiffs, all of whom prevailed in social security disability cases.

The petitions will be denied, without prejudice, for reasons set forth below. Counsel instead will be granted leave to file within thirty (30) days amended petitions which comply with the requirements set forth below.

### II.

42 U.S.C. § 406(b)(1) provides in relevant part that:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

■ Rubber-stamp approval of the statutory maximum allowed in social security disability case should be avoided. It is the court's responsibility to see that unreasonably large fees are not collected by attorneys who represent often indigent social security disability claimants. *See Redden v. Cellebrezze*, 370 F.2d 373–75 (4th Cir. 1966).

In general, those standards and procedures set forth in *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp., et al (Lindy I)*, 487 F.2d 161 (3d Cir.1973) and progeny govern the award of fees in social security disability cases.

The court first must determine how many hours were reasonably spent, by whom, and in what manner. *Lindy*, 487 F.2d at 167. Next, the court must determine the reasonable hourly value of those services. Such determinations must be made for each attorney and for every category of activity. Different categories of activity might require different hourly rates. *Lindy I*, 487 F.2d at 167.

The product of the above yields what is known as the "lodestar". *Lindy I*, 487 F.2d at 169.

■ The fee applicant has the burden of producing evidence pertaining to the above matters. *See Ursic v. Bethlehem Mines,* 719 F.2d 670, 677 (3d Cir.1983). Also, the fee applicant has the burden of persuasion concerning these matters. *See In re Fine Paper Antitrust Litigation,* 751 F.2d 562, 585 (3d Cir.1984).

■ The district court cannot, when considering the hours spent, award fees for services performed at the administrative level before the Secretary. *See MacDonald v. Weinberger,* 512 F.2d 144, 146 (9th Cir.1975). A separate application must be made to the Secretary for services performed at the administrative level. However, the aggregate of the fees awarded by the district court and by the Secretary may not exceed the statutory maximum of 25 percent of claimant's past-due benefits. *See Morris v. Social Security Administration,* 689 F.2d 495, 496 (4th Cir.1982).

Once it has determined the lodestar, the court must take two other factors into consideration in deciding whether to "adjust" the lodestar. It must determine the probability that the litigation would be successful and the quality of the work performed by counsel. *Lindy I,* 487 F.2d at 168–69.

■ Any adjustment based upon quality of work performed may be upward or downward. *Lindy Bros. Builders, Inc. of Phila. v. American Radiator & Standard Sanitary Corp. (Lindy II),* 540 F.2d 102, 118 (3d Cir.1976). The test is whether the lawyer discharged his professional burden with a degree of skill above or below that expected for lawyers of the caliber reflected in the hourly rate charged. *Lindy II,* 540 F.2d at 118.

■ Fee awards granted pursuant to 42 U.S.C. § 406(b)(1) are deducted from those benefits awarded to the claimant. *See Spicer v. Califano,* 461 F.Supp. 40, 48 (N.D.N.Y.1978). Such fee awards are closely analogous to fund-in-court cases. It follows for this reason that the court has an *independent* duty to scrutinize the fee petition. *See Cunningham v. City of McKeesport,* 753 F.2d 262, 267 (3d Cir.1985). It also follows that time spent in preparation of the fee petition does not benefit the claim-

ant and therefore cannot be included in the lodestar amount. *See In re Fine Paper Antitrust Litigation,* 751 F.2d at 575.

### III.

Petitioner Robert N. Pierce, Esq., seeks a total of $1,550 in fees at Civil Action No. 83–573, *Albert Kovach v. Margaret Heckler, Secretary of HHS.*

Petitioner John W. McTiernan, Esq., seeks a total of $2,973 in fees at Civil Action No. 84–1091, *Calvin Beatty v. Margaret Heckler, Secretary of HHS.*

Petitioner James D. Terry, Esq., seeks a total of $2,689.50 in fees and $162 in costs at Civil Action No. 84–1651, *Larry B. Sullivan v. Margaret Heckler, Secretary of HHS.*

■ Counsel in all three cases have failed to indicate what their hourly rates are for the services they have rendered. Consequently, this Court is unable to determine what would be reasonable awards under 42 U.S.C. § 406(b)(1).

All three petitions for an award of counsel fees therefore will be denied without prejudice. Counsel instead will be granted leave to file within thirty (30) days amended petitions which comply with the requirements set forth above.

An appropriate order will issue.