Mary T. GUIDO, Appellant,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellee.

No. 85–3110.

United States Court of Appeals, Third Circuit.

Argued Oct. 1, 1985.

Decided Oct. 21, 1985.

Suzanne J. Hayden, argued, Robert N. Peirce, Jr., Pittsburgh, Pa., and Eileen S. Goodin, Barkan & Neff Co., L.P.A., Columbus, Ohio, for appellant.

J. Alan Johnson, U.S. Atty., Anthony M. Mariani, Asst. U.S. Atty., Pittsburgh, Pa., Beverly Dennis, III, Regional Atty., William M. Reinhart, Supervisory Asst. Regional Atty., Sharon Ferrucci, Asst. Regional Atty., Paul S. Ceja, Asst. Regional Atty., and John E. Newton, Jr., argued, Office of General Counsel, Dept. of Health and Human Services, Region III, Philadelphia, Pa., for appellee.

Before WEIS and MANSMANN, Circuit Judges, and POLLAK, District Judge *.

## OPINION OF THE COURT

WEIS, Circuit Judge.

In this appeal, we conclude that in Social Security disability cases a district court is authorized by the Act to approve counsel's requests for fees from the claimant's award only for services performed in court. Compensation for work performed in the administrative phase must be determined separately by the Secretary.

The claimant's attorney applied to the district court for approval of fees attributable to representation not only before the court but in administrative proceedings as well. The district judge awarded compensation for professional services in court, concluding that the claimant's counsel must direct an application for fees arising from the administrative activity to the Secretary.

Claimant retained counsel after the Social Security Administration had denied her request for disability benefits. Following two hearings before an ALJ and two pro-

* Honorable Louis H. Pollak, United States District Court for the Eastern District of Pennsylvania, sitting by designation.

ceedings in the district court, she received the award she had sought. Her counsel submitted an itemization of work performed, and asked for fees of $5,042.45 to be paid from past due benefits. The district judge approved only the $2,937.50 attributable to court representation.

On appeal, the claimant's counsel contends that the district court has the authority to set compensation for services in both court and administrative proceedings. The Secretary responds that the district court's order represents the majority view on this unsettled question. This case squarely presents the issue reserved in *Reid v. Heckler*, 735 F.2d 757, 761 n. 3 (3d Cir. 1984).

The Social Security Act authorizes a court to award reasonable attorney's fees for claims under Title II, "[w]henever a court renders a judgment favorable to a claimant ... represented before the court by an attorney ... for such representation...." 42 U.S.C. § 406(b)(1).

The statute also directs that when the Secretary makes a determination favorable to the claimant, "he shall ... fix ... a reasonable fee to compensate such attorney for the services performed" in presenting the claim. 42 U.S.C. § 406(a). The total amount awarded by both the court and the Secretary may not exceed 25 percent of the claimant's recovery of past due benefits. 42 U.S.C. § 406; *Morris v. Social Security Admin.*, 689 F.2d 495, 497 (4th Cir.1982); *Webb v. Richardson*, 472 F.2d 529, 536 (6th Cir.1972); *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir.1970).

The statute clearly permits the court and the Secretary to set fees for an attorney's representation in their respective bailiwicks.[1] The issue of whether either has the authority to approve allowances for services in the other's forum, however, has resulted in a split among the courts of appeals.

In *Webb v. Richardson*, the Court of Appeals for the Sixth Circuit concluded

that a court could set fees for an attorney's work in both tribunals. Although clear statutory direction on that point was lacking, the panel reasoned that the policy of using a single petition would further enforcement of the 25 percent limitation and would also eliminate the redundancy of separate requests. The position taken by the Sixth Circuit is not without merit; however, that court stands alone in adopting the single petition approach.

The Courts of Appeals for the First, Fourth, Eighth, and Ninth Circuits have decided that the courts have no statutory authority to award counsel fees for representation before the agency. *See Gardner v. Menendez*, 373 F.2d 488 (1st Cir.1967); *Whitt v. Califano*, 601 F.2d 160 (4th Cir. 1979); *Fenix v. Finch*, 436 F.2d 831 (8th Cir.1971); *MacDonald v. Weinberger*, 512 F.2d 144 (9th Cir.1975).

In *Chernock v. Gardner*, 360 F.2d 257 (3d Cir.1966), this court held that the Secretary's determination of a reasonable fee for services during the administrative process could not be appealed to the district court. We found that Congress had committed that decision to the discretion of the Secretary, and therefore, § 10 of the Administrative Procedure Act, 5 U.S.C. § 1009, precluded judicial review. *See generally Pepe v. Schweiker*, 565 F.Supp. 97 (E.D.Pa.1983). Although the *Chernock* case might be construed as an implicit rejection of the claimant's contention in the case at hand, as noted previously, we have not directly decided the issue.

In this circuit, district court decisions are in conflict. *Compare Donovan v. Secretary of Health and Human Services*, 598 F.Supp. 120 (D.Del.1984) (court may not award fees for services before the agency) *and Oroshnik v. Schweiker*, 569 F.Supp. 399 (D.N.J.1983) (court lacks authority to allow fees for services before Secretary), *with Kemp v. Schweiker*, 587 F.Supp. 778

---

1. Claimant's counsel has assured us that in fact the Secretary does routinely set fees for administrative agency representations after the district court has determined the fee for court representation.

(W.D.Pa.1984) (court may award fees for attorneys' services before either tribunal).

Analysis of the statutory language does not conclusively resolve the issue, but it provides greater support for the majority position than for that of *Webb v. Richardson*. In granting authority to order compensation in the administrative phase, the statute states that the Secretary may by "rule and regulation, prescribe the maximum fees ... in connection with any claim before the Secretary." The statutory authorization of fee awards by the court refers to the situation where a claimant "was represented before the court by an attorney," and provides, "the court may ... allow ... a reasonable fee for such representation."

The statute does not explicitly grant either court or agency the authority to set fees in the other's jurisdiction, and it is unlikely that this omission is inadvertent. We have no indication that when Congress enacted the fee provisions in 1965 and 1968 it believed that the Secretary had any particular expertise in determining reasonable fees for courtroom representation. Congress itself set a ceiling of 25 percent, but did not fix a maximum hourly rate as it did later in the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (regulating attorneys' fees in cases against the United States).

In 1965, when Congress added the statutory provision permitting courts to award attorneys' fees, it was aware of the judicial interpretation of the existing statute restricting the Secretary to an award of fees only for administrative representation. *See, e.g., Gonzalez v. Hobby*, 213 F.2d 68 (1st Cir.1954); *Carroll v. Celebrezze*, 228 F.Supp. 24 (N.D.Iowa 1964); *Sheppard v. Flemming*, 189 F.Supp. 571 (S.D.W.Va. 1960). Had Congress disagreed with that line of cases, it could have made its contrary intent clear when it amended the statute. Taken together, these considerations undercut the argument that Congress intended the Secretary to determine what fee should be awarded for attorneys' services in the courts.

Likewise the statute limits the court's authority to award counsel fees. In our view, the appearance of the phrase "represented before the court" in the clause immediately preceding the reference to the allowance of a reasonable fee for "such representation", supports the conclusion that the court's authority does not extend to agency proceedings.

In addition, subparagraph 2 of section 406(b) refers to attorneys' fees for services "rendered in connection with proceedings before a court to which paragraph 1 of this subsection is applicable." This passage reinforces our conclusion. Therefore, just as we find no indication that Congress empowered the Secretary to set fees for courtroom work, we also find that Congress did not authorize the courts to determine fees for administrative proceedings.

Finally, as noted by the district court in *Donovan v. Secretary of Health and Human Services*, 598 F.Supp. 120 (D.Del.1984), a court of appeals cannot review a fee determination by the Secretary; however, one fixed by the district court is appealable. Thus, if the Secretary could determine compensation for court work, that determination would be final, but an award for similar services by a district court could be appealed. That same anomaly would be present if a court could set the charges for administrative work. It is not improbable that lawyers would seize the opportunity to present all of their fee requests to the courts where they would have the hope of bettering a possible disappointing result on appeal. From the public interest standpoint, the burden of the potential additional workload on the court far outweighs the inconvenience to the lawyer of presenting separate petitions to each tribunal.

In addition to these considerations, we must not overlook the desirability of uniformity among the circuits, particularly in adopting this purely mechanical, administrative, procedure. We have found no persuasive reason to disagree with the majority, and we therefore elect to join it.

As noted earlier, *Webb v. Richardson's* elimination of petition redundancy is commendable but not consistent with the statutory separation of agency and judicial authorization. However, no such difficulty is presented with respect to counsel's compensation in the district courts and court of appeals. We perceive no reason why the district court should not set the fees for work in both courts when representation in each was required. That practice reduces the time and effort required of counsel and also simplifies judicial oversight of the process.

Accordingly, we hold that a district court may set a fee under 42 U.S.C. § 406(b) only for services performed in courts—trial and appellate. The judgment of the district court will be affirmed.