**Earl J. BAILEY, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

**Civ. A. No. 83–2666.**

United States District Court, W.D. Pennsylvania.

Nov. 6, 1985.

Gilbert E. Caroff, David J. Kaltenbaugh, Johnstown, Pa., for plaintiff.

Charlotte Hardnett, Asst. Regional Atty., Health and Human Services, Region III, Philadelphia, Pa., Anthony M. Mariani, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

COHILL, Chief Judge.

### I.

Plaintiff, Earl J. Bailey, brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Secretary's final decision denying Plaintiff's claim for disability benefits. Summary judgment subsequently was entered for Plaintiff and against Defendant.

Presently before the Court is a petition for attorney's fees pursuant to 42 U.S.C. § 406(b)(1) filed by Plaintiff's counsel, Gilbert E. Caroff, Esquire. For the reasons set forth below, the petition will be denied, without prejudice.

### II.

42 U.S.C. § 406(b)(1) provides in pertinent part that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the Court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

In general, those standards and procedures set forth in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973) (*Lindy I*), *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir.1976) (*en banc*) *Lindy II*), and their progeny govern the award of attorney's fees in social security disability cases in this circuit.

Under those standards, the Court first must determine how many hours were reasonably spent, by whom, and in what manner. *Lindy I*, 487 F.2d at 167. Next, the Court must determine the reasonable hourly value of those services. Such determinations must be made for each attorney and for every category of activity. Different

categories of activity might require different hourly rates. *Id.*

■ The district court can approve counsel's requests for fees only for services performed in the trial or appellate courts; it cannot award fees for services performed at the administrative level before the Secretary. *Guido v. Schweiker*, 775 F.2d 107 (3d Cir.1985). A separate application must be made to the Secretary for services performed in the administrative phase. *Id.* However, the aggregate of the fees awarded by the district court and by the Secretary may not exceed the statutory maximum of 25% of the claimant's past-due benefits. *Campbell v. Heckler*, 603 F.Supp. 1388, 1390 (M.D.Pa.1985); *Kemp v. Schweiker*, 587 F.Supp. 778 (W.D. Pa.1984); *Oroshnik v. Schweiker*, 569 F.Supp. 399, 400 (D.N.J.1983).

The fee applicant has the burden of producing evidence supporting the hours worked and rates claimed, *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); *M.S.R. Imports, Inc. v. R.E. Greenspan Co. Inc.*, 574 F.Supp. 31, 33 (1983), as well as the burden of persuasion, *see In re Fine Paper Antitrust Litigation*, 751 F.2d 562, 585 (3d Cir.1984).

The product of the number of hours reasonably expended and the reasonable hourly rate of compensation yields what is known as the "lodestar," the presumed reasonable fee. *Blum v. Stenson*, 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

■ Once it has determined the lodestar, the Court must take two other factors into consideration before making a final determination of the attorney's fee award. It must determine the contingent nature of success—that is, the probability of success, viewed at the time of filing the suit, and the quality of the work performed by counsel and then, if necessary, adjust the lodestar accordingly by means of an appropriate multiplier. *Lindy I*, 487 F.2d at 168–69; *Lindy II*, 540 F.2d at 116–18. The contingency factor involves an assessment of the legal and financial burdens assumed by Plaintiff and his counsel in pursuing the action. *See, Lindy II*, 540 F.2d at 117. Contingency of success can properly justify a lodestar increase but not a decrease. *Delaware Valley Citizens' Council for Clean Air v. Pennsylvania*, 762 F.2d 272 (3d Cir.1985); *Hall v. Borough of Roselle*, 747 F.2d 838, 842–43 (3d Cir.1984). See, *Hughes v. Repko*, 578 F.2d 483, 488 (3d Cir.1978) (contingency factors may not be used to decrease the amount of the final fee award).

■ Unlike the contingency factor, the quality factor can be used to reduce the lodestar figure as well as increase it. *Lindy II* 540 F.2d at 118. The test for determining when a quality multiplier is appropriate is whether the lawyer discharged his professional burden with a degree of skill above or below that expected of lawyers of the caliber reflected in the hourly rate charged. *Id.* An upward adjustment is appropriate only in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that which one reasonably should expect in light of the hourly rates charged and that the success was "exceptional." *Blum v. Stenson*, 104 S.Ct. at 1549.

■ Fee awards granted pursuant to 42 U.S.C. § 406(b)(1) are deducted from those benefits awarded to the claimant. *See, Watkins v. Harris*, 566 F.Supp. 493, 495 (E.D.Pa.1983); *see also Wolverton v. Heckler*, 726 F.2d 580, 582 (9th Cir.1984); *Spicer v. Califano*, 461 F.Supp. 40, 48 (N.D.N.Y.1978). Such fee awards are closely analogous to fund-in-court cases. Because of the similar potential for conflicts of interest between the attorney and his client, it follows that the Court has an independent duty to scrutinize the fee petition in § 406(b)(1) cases, as well as in fund-in-court cases. *See Cunningham v. City of McKeesport*, 753 F.2d 262, 267 (3d Cir. 1985) (Court has independent duty to scrutinize fee applications in fund-in-court cases) *Taylor v. Heckler*, 608 F.Supp. 1255, 1257–58 (D.N.J.1985) (Because the interests of the attorney and his client are inherent

in conflict in Social Security Act cases, the Court scrutinizes § 406(b)(1) fee applications.) Further, as in fund-in-court cases, the time spent in preparation of the fee petition does not benefit the claimant since the fee award operates to reduce the claimant's recovery. Thus, it also follows that time spent in the preparation of the fee petition cannot be included in the lodestar amount. *See Lindy I,* 487 F.2d at 161; *Lindy II,* 540 F.2d at 110–11. *See also, In re Fine Paper Antitrust Litigation,* 751 F.2d 562, 595 (3d Cir.1984).

### III.

Petitioner Caroff seeks a total of $687.50 in attorney's fees in this case. He claims that he spent 5.5 hours in representing Plaintiff to this point, that his customary and reasonable charge for representation in such matters is $125 per hour, and that the award he requests does not exceed 25% of the total past-due benefits to which Plaintiff is entitled by reason of the judgment.

However, Attorney Caroff has failed to provide any basis to enable the Court to determine if the time spent and if the requested rate are reasonable. He has not provided an itemization of time spent on this case, indicated the nature of the services provided, or indicated at which phase the work was performed. Nor does counsel indicate the total amount of the past-due benefits. The Court may conditionally authorize the request for attorney's fees, even before certification of past-due benefits by the Secretary, with the proviso that the fee, when added to any fee which the Secretary deemed appropriate for administrative work, would not exceed 25% of the past-due benefits. *See Donovan v. Secretary of Health and Human Services,* 598 F.Supp. 120, 121–22 (D.Del.1984). However, it is unclear from Plaintiff's counsel's petition whether or not the Secretary has certified an award for past-due benefits in this case. Consequently, we are unable to determine what would be a reasonable award under 42 U.S.C. § 406(b)(1). The petition for an award of counsel fees there-fore will be denied without prejudice, and counsel will be granted leave to file an amended petition which complies with the requirements set forth above.