James **TOMALLO**, Plaintiff,

v.

Margaret M. **HECKLER**, Secretary of Health and Human Services, Defendant.

Civ. A. No. 83–1482.

United States District Court, W.D. Pennsylvania.

Dec. 11, 1985.

Robert N. Peirce, Jr., Pittsburgh, Pa., and Barkan & Neff, Columbus, Ohio, for plaintiff.

Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., and Charlotte Hardnett, Asst. Regional Atty., Health and Human Services, Region III, Philadelphia, Pa., for defendant.

## MEMORANDUM OPINION

COHILL, Chief Judge.

### I.

Plaintiff, James Tomallo, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Secretary's final decision denying Plaintiff's claim for disability benefits. Summary judgment subsequently was entered for Plaintiff and against Defendant.

Presently before the Court is a petition for attorney's fees pursuant to 42 U.S.C. § 406(b)(1) filed by Plaintiff's counsel of record, Robert N. Peirce, Jr., on his own behalf and on behalf of the law firm of Barkan & Neff, which served as "of counsel."

### II.

42 U.S.C. § 406(b)(1) provides in pertinent part that:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the Court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment....

In general, those standards and procedures set forth in *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 487 F.2d 161 (3d Cir.1973) (*Lindy I*), *Lindy Bros. Builders, Inc. of Philadelphia v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102 (3d Cir.1976) (*en banc*) (*Lindy II*), and their progeny govern the award of attorney's fees in social security disability cases in this circuit. *Kovach v. Heckler*, 613 F.Supp. 84 (W.D.Pa.1985).

█ Under those standards, the Court first must determine how many hours were reasonably spent, by whom, and in what manner. *Lindy I*, 487 F.2d at 167. Next, the Court must determine the reasonable hourly value of those services. Such determinations must be made for each attorney and for every category of activity. Different categories of activity might require different hourly rates. *Id.*

█ The district court can approve counsel's requests for fees only for services performed in the trial or appellate courts; it cannot award fees for services performed at the administrative level before the Secretary. *Guido v. Schweiker*, 775 F.2d 107 (3d Cir.1985). A separate application must be made to the Secretary for services performed in the administrative phase. *Id.* However, the aggregate of the fees awarded by the district court and by the Secretary may not exceed the statutory maximum of 25% of the claimant's past-due benefits. *Campbell v. Heckler*, 603 F.Supp. 1388, 1390 (M.D.Pa.1985); *Kemp v. Schweiker*, 587 F.Supp. 778 (W.D.Pa.1984); *Oroshnik v. Schweiker*, 569 F.Supp. 399, 400 (D.N.J.1983).

■ Hours claimed for preparation of fee petitions pursuant to § 406(b)(1) do not benefit the claimant, whose recovery is being reduced by the fee award, and therefore cannot be compensated. *See Snizaski v. Heckler,* 602 F.Supp. 1119 (W.D.Pa.1985) (*Snizaski I*).

■ The fee applicant has the burden of producing evidence supporting the hours worked and rates claimed, *Hensley v. Eckerhart,* 461 U.S. 424, 433, 437, 103 S.Ct. 1933, 1939, 1942, 76 L.Ed.2d 40 (1983); *M.S.R. Imports, Inc. v. R.E. Greenspan Co., Inc.,* 574 F.Supp. 31, 33 (1983), as well as the burden of persuasion, *see In re Fine Paper Antitrust Litigation,* 751 F.2d 562, 585 (3d Cir.1984). *See also Kovach v. Heckler,* 613 F.Supp. at 86. He must establish the fact that the time was indeed expended and that it was necessary to achieve the results obtained. *See Hensley v. Eckerhart,* 461 U.S. at 440–41, 103 S.Ct. at 1943–44 (Burger, C.J. concurring).

■ The product of the number of hours reasonably expended and the reasonable hourly rate of compensation yields what is known as the "lodestar," the presumed reasonable fee. *Blum v. Stenson,* 465 U.S. 886, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984).

■ Once it has determined the lodestar, the Court must take two other factors into consideration before making a final determination of the attorney's fee award. It must determine the contingent nature of success—that is, the probability of success, viewed at the time of filing the suit, and the quality of the work performed by counsel and then, if necessary, adjust the lodestar accordingly by means of an appropriate multiplier. *Lindy I,* 487 F.2d at 168–69; *Lindy II,* 540 F.2d at 116–18. The contingency factor involves an assessment of the legal and financial burdens assumed by Plaintiff and his counsel in pursuing the action. *See Lindy II,* 540 F.2d at 117. Contingency of success can properly justify a lodestar increase but not a decrease. *Delaware Valley Citizens' Council for Clean Air v. Pennsylvania,* 762 F.2d 272 (3d Cir.1985); *Institutionalized Juveniles*

*v. Sec. of Pub. Wel.,* 758 F.2d 897, 922 (3d Cir.1985); *Hall v. Borough of Roselle,* 747 F.2d 838, 842–43 (3d Cir.1984). *See Hughes v. Repko,* 578 F.2d 483, 488 (3d Cir.1978) (contingency factors may not be used to decrease the amount of the final fee award).

■ Unlike the contingency factor, the quality factor can be used to reduce the lodestar figure as well as increase it. *Lindy II,* 540 F.2d at 118. The test for determining when a quality multiplier is appropriate is whether the lawyer discharged his professional burden with a degree of skill above or below that expected of lawyers of the caliber reflected in the hourly rate charged. *Id.* An upward adjustment is appropriate only in the rare case where the fee applicant offers specific evidence to show that the quality of service rendered was superior to that which one reasonably should expect in light of the hourly rates charged and that the success was "exceptional." *Blum v. Stenson,* 104 S.Ct. at 1549.

■ The court must have a factual basis for its fee determination. *Cunningham v. City of McKeesport,* 753 F.2d 262, 267 (3d Cir.1985). Because the fee applicant is seeking money payment, the factual basis should be in the form of sworn averments. *See* 8 ATTORNEY FEE AWARDS REP. (HB&J) No. 3 at 4 (June 1985). *See also Hensley v. Eckerhart,* 461 U.S. at 433, 103 S.Ct. at 1939 (The party seeking an award of fees should submit *evidence* supporting the hours worked and rates claimed); *Ranco Industrial Products Corp. v. Dunlap,* 776 F.2d 1135, 1140 (3d Cir.1985) (There must be some indication of record as to the reasonableness of the claimed attorney's fee); *Allen v. Heckler,* 588 F.Supp. 1247, 1250, 1251 (W.D.N.Y. 1984). The fee applicant will meet his burden of proceeding by submitting an application accompanied by sufficiently detailed verified supporting documentation. *National Association of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, 1337 (D.C.Cir.1982) (Tamm, J. concurring). The burden of proceeding then shifts to the

party opposing the fee award to submit equally specific countervailing evidence as to why the applicant's request should be reduced or denied. *National Association of Concerned Veterans v. Secretary of Defense,* 675 F.2d at 1337–38. *See also Cunningham v. City of McKeesport,* 753 F.2d at 267.

In statutory fee cases, the court may not disregard uncontested affidavits filed by a fee applicant after the opposing party has been afforded the opportunity to raise a material fact issue. *Id.* However, in social security disability cases where attorney's fees are sought pursuant to 42 U.S.C. § 406(b)(1), as in fund-in-court cases, the court has an independent duty to scrutinize the fee petition because of the potential for conflicts of interest between the attorney seeking compensation and his client. *Bailey v. Heckler,* 621 F.Supp. 521, 523 (W.D.Pa.1985); *Kovach v. Heckler,* 613 F.Supp. at 86; *Snizaski v. Heckler,* 610 F.Supp. 529, 531 (W.D.Pa.1985) (*Snizaski II*). Even so, the court cannot, on its own, without a record basis, reject lodestar hours as unreasonable, except as to those hours of which the court has personal knowledge. *Cunningham v. City of McKeesport,* 753 F.2d at 267.

### III.

Petitioner has failed to meet his burden. Although he has submitted to the court documentation in support of his claim, those materials are not verified and thus cannot be considered as evidence of the reasonableness of the requested fee.

Accordingly, petitioner will be granted leave to amend its application for attorney's fees, supporting it with facts presented by affidavit or by declaration under penalty of perjury.