**Lillian POOLE**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services.**

**Civ. A. No. 85–1863.**

United States District Court,
E.D. Pennsylvania.

July 28, 1988.

## MEMORANDUM

GILES, District Judge.

Plaintiff Lillian Poole filed an application for disability insurance benefits on July 7, 1983. The application was denied initially and on reconsideration by the Office of Disability Operations of the Social Security Administration. The case was considered *de novo* by an Administrative Law Judge (ALJ) before whom plaintiff appeared represented by counsel. The ALJ, in a decision dated July 31, 1984, determined that plaintiff's disability insured status under the Act ended March 31, 1980, and that plaintiff had the residual functional capacity to perform her past relevant work as a short order cook without heavy lifting and carrying prior to March 31, 1980. The Appeals Council denied plaintiff's request for review on February 5, 1985, thereby mak-ing the ALJ's decision the final decision of the Secretary of Health and Human Services (Secretary). Plaintiff appealed to the district court. On November 25, 1986, this court approved and adopted the report and recommendation of the United States Magistrate, which granted plaintiff's motion for summary judgment and reversed the final decision of the Secretary denying plaintiff's application for disability insurance benefits.

On October 27, 1987, this court granted plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A) (Supp. III 1985), and awarded $1,687.50 to plaintiff for 22.5 hours of attorney time spent litigating the appeal to the district court. Plaintiff's counsel now seeks additional attorney's fees under Section 206(b) of the Social Security Act, 42 U.S.C. § 406(b) (1982). Counsel for plaintiff requests $3,937.50 for time spent on the district court proceedings. In the alternative, plaintiff's counsel requests $4,862.50 for the representation of plaintiff before the Social Security Administration and the district court; that amount is twenty-five percent of plaintiff's past due benefits. Plaintiff's counsel also requests that this court declare that any § 406(b) award is payable to counsel in addition to the fees already awarded under the EAJA.

Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Secretary may, notwithstanding the provisions of section 405(i) of this title, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such

representation except as provided in this paragraph.

The purpose of this provision is to (1) allow attorneys to receive fees by agreement with their clients for their successful representation, and (2) limit the amount of contingency fees payable by the client to the attorney so that the fees would not cause an "inordinate deprivation of benefits otherwise payable to the client." *Watford v. Heckler*, 765 F.2d 1562, 1566 (11th Cir. 1985) (citations omitted).

■ Under § 406(b), the district court may award a maximum of twenty-five percent of a claimant's past due benefits to counsel as attorney's fees for services rendered before the court. However, only the Social Security Administration (SSA) may award fees for services performed in administrative proceedings. *Guido v. Schweiker*, 775 F.2d 107, 109–10 (3d Cir. 1985). The total amount awarded by both the court and the SSA may not exceed the twenty-five percent cap. *Id.* at 108.

■ Two factors control the fee petition. First, Congress has amended the EAJA to make clear that when attorney's fees are awarded under both the Social Security Act and the EAJA for the same services, the attorney may keep the larger fee, but must return the smaller fee to the claimant.

> (b) Section 206(b) of the Social Security Act (42 U.S.C. 406(b)(1)) shall not prevent an award of fees and other expenses under section 2412(d) of title 28, United States Code. Section 206(b)(2) of the Social Security Act shall not apply with respect to any such award but only if, where the claimant's attorney receives fees for the same work under both section 206(b) of that Act and section 2412(d) of title 28, United States Code, the claimant's attorney refunds to the claimant the amount of the smaller fee.

28 U.S.C. § 2412 note (1982), *as amended by* Act of August 5, 1985, Pub.L. No. 99–80, § 3, 99 Stat. 186 (1985).

The House Committee commented on the amendment:

> It is the Committee's intent that when fee awards are made in Social Security or SSI cases under the EAJA, and provision is also allowed under the Social Security Act for recovery of attorney fees of up to 25% of the claimant's benefits, that the EAJA award should be used as a set off to reduce the payment which the claimant would otherwise owe the attorney. Thus, under the amendment an attorney for a Social Security or SSI claimant would be precluded from receiving both EAJA and Social Security Act fees. Without this amendment it was argued, "double dipping" was possible. Such double payments are inappropriate and deprives the plaintiff of the benefits intended by EAJA. Because the Committee is aware of the important function served by counsel in these cases, the Committee permits the attorney to seek recovery under both authorizations. The attorney, however, may keep the larger fee, but must return the amount of the smaller fee to the claimant.

H.R.Rep. No. 120, 99th Cong., 1st Sess. 20 (1985), *reprinted in* 1985 U.S.Code Cong. & Admin.News 132, 148.

Second, the Secretary has awarded $2,000.00 for attorney's fees payable from past due benefits for representation in the administrative proceedings. Since plaintiff was awarded $19,450.00 in past due benefits, the total attorney's fee award cannot exceed $4,862.50, twenty-five percent of the award. The maximum amount that this court may award for services before the court is $2,862.50, which is twenty-five percent of the past due benefits award minus the $2,000.00 awarded by the Secretary.

Plaintiff's counsel requests compensation for 22.5 hours spent on the district court appeal, at an hourly rate of $175.00 agreed to by his client, for a total of $3,937.50. In support of the petition counsel submits a detailed record of time spent on the appeal. Petition for Approval of Attorney's Fee, Exhibit D. The court finds the time expended reasonable and necessary to litigate plaintiff's claim. However, the amount requested, when added to the Secretary's award, would exceed the statutory maximum. This court will award attorney's fees for the maximum amount permitted

under § 406(b), which is $2,862.50. That amount, when combined with the $2,000.00 awarded by the Secretary, equals twenty-five percent of plaintiff's past due benefits award.

As is required by the EAJA amendments, counsel for plaintiff will receive $2,862.50 from plaintiff's past due benefits, but will return to plaintiff any and all of the $1,687.50 EAJA attorney's fee award that he has retained.

An appropriate order follows.

### ORDER

AND NOW, this 28th day of July, 1988, in accordance with the foregoing memorandum, it is hereby ORDERED that:

1. Counsel for plaintiff, Theodore A. Schwartz, Esquire, is awarded an attorney's fee in the amount of $2,862.50, to be payable from plaintiff's past due benefits award;

2. Counsel for plaintiff shall return to plaintiff any and all amounts that he has retained of the $1,687.50 Equal Access to Justice Act award granted by this court by order of October 27, 1987.