**John BOLLENBACHER, Plaintiff,**

**v.**

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. A. No. 84–138.**

United States District Court,
W.D. Pennsylvania.

May 18, 1990.

## OPINION

COHILL, Chief Judge.

Presently before the Court is a motion for attorney's fees originally filed November 7, 1989 in the above captioned case.[1] Initially, the attorney attached to his motion itemizations not only for hours spent litigating the case before the district court, but also time spent before the Social Security Administration. *See* 42 U.S.C. § 406(a).

Therefore, on November 21, 1989 the Court ordered the attorney to specify only the hours spent in this Court. In belated response, another lawyer in the attorney's office submitted, by letter dated April 2, 1990, the itemization of hours attributable to district court proceedings.

The attorney had included with his original motion a Notice of Change in Benefits addressed to the plaintiff, John G. Bollenbacher, from the Office of Disability Operations. The letter informed Mr. Bollenbacher that the Social Security Administration had withheld 25 per cent of his past due benefits to pay an approved attorney's fee. The letter also stated: "When the amount of the fee is decided, we will let you and the lawyer know how much of [the $6,847 withheld] will be used to pay the fee. We will send the remainder to [the plaintiff]."

On September 14, 1989 the Social Security Administration notified the attorney that pursuant to 42 U.S.C. § 406(a), he was authorized to charge Mr. Bollenbacher the sum of $4,250 for services rendered before the Social Security Administration. For services rendered in court, the attorney has now petitioned this Court for $2,597, the total amount remaining with the Social Security Administration.

Also attached to the attorney's motion is the following statement, signed by plaintiff, and dated August 27, 1988:

I, John Bollenbacher, hereby confirm my understanding with [my attorney] that his fee will be paid in the amount of 25% of retroactive benefits up to the date of the award in reference to my Social Security Disability case.

The April 2, 1990 letter, which itemized hours, specified that the attorney had spent 18½ hours litigating the case in this Court. Among the itemizations is "Preparation of the Complaint and trip to Pgh. to file complaint," for which the attorney has designated 5 hours.

[1]. We omit the name of the attorney because we do not wish to embarrass him individually; the criticisms we offer here apply to many attorneys who have submitted fee petitions to this Court. We are publishing this Opinion to establish a policy with regard to Social Security fee petitions.

■ Despite two opportunities to do so, first with his initial fee petition, and next in response to our request for appropriate itemization, the attorney still has not provided the Court with the customary sworn declaration or affidavit. *See Tomallo v. Heckler*, 623 F.Supp. 1046, 1049 (W.D.Pa. 1985) (Cohill, C.J.). Among the facts we would expect to find in such a declaration are the following:

1. The dates the attorney's services to plaintiff in the district court (and/or court of appeals) began and ended.

2. A list of the services performed and the amount of time spent on each type of service. This list should include only court related services.

3. The hourly rate the attorney customarily charges for social security appeals.

4. A description of the attorney's qualifications, including length of time in practice and experience in litigating social security appeals.

5. The total amount of past due benefits that have been withheld and the amount of any fee awarded by the Secretary to be deducted from the past due benefits.

6. A statement showing that the attorney sent a copy of the fee request and supporting declaration to plaintiff. *See* 20 C.F.R. § 404.1728(a); *see also Tomallo*, 623 F.Supp. at 1049.

Pursuant to 42 U.S.C. § 406(b)(1), the Social Security Act authorizes a court to award reasonable attorney's fees for claims "[w]henever a court renders a judgment favorable to a claimant ... represented before the court by an attorney ... for such representation." *Guido v. Schweiker*, 775 F.2d 107, 108 (3rd Cir.1985). The statute also directs the Secretary to fix a reasonable fee when the Secretary makes a determination favorable to the claimant. *Id.*

"The total amount awarded by both the court and the Secretary *may not exceed* 25 per cent of the claimant's recovery of past due benefits." *Id.* (emphasis added). Concerned that some attorneys were charging excessive fees prosecuting social security benefit claims, Congress set the 25 per cent maximum fee in the Social Security Amendments of 1965. 42 U.S.C. § 406(b)(1); *Coup v. Heckler*, 834 F.2d 313, 320 (3rd Cir.1987).

■ We wish to emphasize that 25 per cent of the total of past due benefits awarded to the plaintiff is the *maximum* fee permitted by statute, *see Lewis v. Sec'y of Health and Human Services*, 707 F.2d 246, 248 (6th Cir.1983); it is not a required fee or the only fee that may be awarded.

■ A contract between the plaintiff and the attorney for a 25 per cent contingency fee certainly does not preclude the court's review of the propriety of awarding the full contract amount. *Id.* Moreover, the court need not await plaintiff's objections to the amount of the fee. *Id.* The Social Security fee provision is a "statutory interference with the attorney client contractual relationship which would otherwise be determined by the marketplace for legal services." *Coup*, 834 F.2d at 324.

Considering the humanitarian policy of the Social Security program to benefit the disabled, the Secretary maintains "an interest in the fair distribution of monies withheld for attorney's fees." *Id.* The Secretary assumes the responsibility to determine the appropriate fee before the agency. However, partly because that determination is judicially unreviewable, the district court retains authority to set fees in the trial and appellate courts. *Guido*, 775 F.2d at 110; *see also Matter v. Bowen*, 675 F.Supp. 212, 214 (M.D.Pa.1987) (district courts have an independent duty to scrutinize fee petitions (citing *Tomallo v. Heckler*, 623 F.Supp. 1046 (W.D.Pa.1985)).

Not even at the district court level, however, does the Secretary lose interest in the amount of the fee awarded. Therefore, we may, and indeed will, consider the objections of the Secretary, represented in this Court by the United States Attorney, to the amount claimed in the fee petition.

Consistent with this Court's directive in *Tomallo*, the United States Attorney, on behalf of the Secretary, responded to the fee petition in the instant case by submit-

ting countervailing evidence to show that this attorney's fee should be reduced. *Tomallo*, 623 F.Supp. at 1049–50. The United States Attorney raised the following objections: (i) counsel did not specify the number of hours for court-related representation; (ii) counsel did not state the hourly rate he customarily charges for social security appeals; and (iii) the fee requested is not reasonable within the meaning of the Social Security Act for this type of litigation.

"Reasonable" fees must be set at the prevailing market rates in the relevant community. *Wells v. Bowen*, 855 F.2d 37, 43 (2nd Cir.1988). Initially the Court must calculate a lodestar amount by multiplying the number of hours reasonably worked on the case by the reasonable hourly rate. *Id.* The novelty of the case and the particular attorney's skills are subsumed into the initial calculation of the lodestar. *Id.*

■ In calculating the lodestar here we have first considered the number of hours spent litigating the case. The attorney has specified that he spent a total of 18½ hours presenting the case to the district court. We find the hourly computations reasonable except for the 5 hours allotted to preparing and filing the complaint. Our customary practice is to allow ½ hour for preparing and filing the one sheet of paper that comprises a social security complaint. We will not remunerate the attorney from plaintiff's funds for a "trip to Pgh." [2] We therefore recalculate as the reasonable time spent in this Court a total of 14 hours.

Without some assistance from the attorney, it is difficult to determine a reasonable hourly rate in this case. As the United States Attorney pointed out in his response to the fee petition, plaintiff's attorney failed to specify his hourly rate. Again, after we requested the attorney to enumerate the hours spent before the Court, he ignored this second opportunity to notify us of his customary rate.

■ In fixing a reasonable rate, we are cognizant of the direction given us by the Court of Appeals for the Third Circuit. In *Coup*, the court of appeals disapproved the district court's adoption of a uniform hourly rate of $75 as being "actually lower than would be paid currently under the Equal Access to Justice Act." *Coup*, 834 F.2d at 324. Under the Social Security Act and the ruling in *Coup*, we must exert more flexible standards for arriving at a fee award.

■ We reject the concept that an attorney's rate should be set theoretically at a level that permits him automatically to collect the entire 25 per cent of plaintiff's past due benefits award. *See Matter*, 675 F.Supp. at 214. In this case, if we determined the hourly rate by dividing 14 hours into the full amount of $2,597, we would arrive at a clearly exhorbitant rate of $185.50 per hour.

However, we also believe that when an attorney has been bargained for in the marketplace, he ordinarily should receive no less for services than he could collect under the Equal Access to Justice Act ("EAJA"). The EAJA sets an hourly rate of $75 subject to a cost of living adjustment. We recently have calculated the hourly rate under the EAJA, adjusted for inflation according to the Consumer Price Index as of December 1989, at $94.50 per hour.

In setting a rate in this case, we have determined that we should award an hourly amount of at least $94.50. Here, we have determined that, compared to the usual rates awarded in this Court for the relevant suburban community, and considering the services rendered in this case, $95 per hour represents a fair rate. We will thus award the sum of $1,330.

■ As an additional matter, we are aware that the United States Court of Appeals for the Third Circuit permits enhancement of the lodestar in exceptional cases to cover certain risks inherent in a contingent fee arrangement. These risks include loss of the case, nonpayment of the fee or delay in obtaining payment. *Coup*, 834 F.2d at 324–35. However, this fee adjustment

---

2. We take judicial notice of the fact that Ambridge, Pennsylvania, where the attorney's office is located, is not more than twenty miles from the federal courthouse in Pittsburgh.

must be supported by evidence on the record that "without risk-enhancement the plaintiff would have faced substantial difficulty finding counsel in the local or relevant market." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 483 U.S. 711, 731, 107 S.Ct. 3078, 3089, 97 L.Ed.2d 585 (1987). The attorney has not provided us with any such evidence here. Therefore, we decline to enhance the basic fee.

We considered ordering this attorney to submit a declaration covering the deficiencies listed in this Opinion. However, in this Court we attempt to be especially diligent in disposing rapidly of social security cases. Here we attribute delays in awarding fees to the attorney's failure to respond in a timely manner to our November 21, 1989 Order. This omission led us on April 2, 1990 to telephone his office and request the required information. Even then he did not recognize the advisability of informing us fully.

We are sensitive that, generally, those who have been awarded social security benefits greatly need the money. We therefore hesitate to place plaintiff at a disadvantage because his attorney has not been diligent in pursuing his own interests. On balance, we believe it unfair to exercise superabundant caution over the calculation of the attorney's fee, thus holding up a refund of the balance of Mr. Bollenbach's past due amount.

An appropriate Order, applicable to this case, will be entered. In addition, we are appending hereto, as Appendix A, an outline of what we expect attorneys to submit in the future in support of fee petitions.

## APPENDIX A

Attorneys filing motions for attorney's fees following successful social security appeals shall also file with the Court a sworn declaration pursuant to 28 U.S.C. § 1746 or an affidavit in support of his or her fee petition. The declaration or affidavit shall contain the following information:

1. The dates the attorney's services to plaintiff in the district court (and/or court of appeals) began and ended.

2. A list of the services performed and the amount of time spent on each type of service. This list should include only court related services.

3. The hourly rate the attorney customarily charges for social security appeals.

4. A description of the attorney's qualifications, including length of time in practice and experience in litigating social security appeals.

5. The total amount of past due benefits that have been withheld and the amount of any fee awarded by the Secretary to be deducted from the past due benefits.

6. A statement showing that the attorney sent a copy of the fee request and supporting declaration or affidavit to plaintiff.

*See* 20 C.F.R. § 404.1728(a); *see also Tomallo,* 623 F.Supp. at 1049.

### ORDER

AND NOW, to-wit, this 18th day of May, 1990, it is hereby ORDERED, ADJUDGED and DECREED that, consistent with the reasoning in the foregoing Opinion, attorney's fees in the amount of $1,330 shall be paid from plaintiff's past due social security benefits.